## HEROLD V. MEYERS.

1. **Trespass:** RIGHT OF COMMON: LEGAL FENCE. If cattle feeding upon the common in this State enter upon an inclosure, the owner of the close cannot maintain an action of trespass therefor, without showing, if controverted, that the fence about the same was such as is required by the statutes. But if cattle break over a good and sufficient fence into one field, and from thence into another field of the same owner, separated from the first by an insufficient fence, such owner may maintain trespass for damages done after entering the last field.

*Appeal from Winnishiek District Court.*

SATURDAY, JUNE 9.

SUIT to recover seventy-five dollars, the value of an ox alleged to have been killed by defendant. The cause was

tried to the court upon an agreed statement of facts, in substance as follows: Plaintiff was the owner of an ox of the value stated; defendant was the owner and in possession of a field of corn, inclosed with a fence that was not a lawful fence. The ox was running at large on the commons, and from thence entered defendant's field through and over said fence, and eat of the corn there growing, from the effects of which he died. Defendant provided no other protection for his corn or to plaintiff's cattle than such insufficient fence. Upon this statement the District Court rendered judgment for defendant, and plaintiff appeals.

*S. Bullis* for the appellant.

*Zeigler & Clark* for the appellee.

COLE, J. — Under the law as it obtains in England and New York and the older settled States of the Union, the owner of an uninclosed field may maintain trespass against the owner of an ox grazing there unless the defendant show a right to permit his cattle to go at large. *Wells* v. *Howell*, 19 Johns., 385. But in this State no action can be maintained on such state of facts. *Alger* v. *The Mississippi and Missouri Railroad*, 10 Iowa, 268, and cases cited. This distinction has much to do in determining the rights and liabilities of persons, in cases of trespass by stock. If the animal committing the trespass was rightfully upon the adjoining close and passed into the inclosure where the trespass was committed by reason of the insufficient fence of the owner of the premises, no action could be ordinarily entertained; *aliter* where the animal was wrongfully upon the adjoining close. The right of the owner of cattle or other stock to pasture them upon the commons or uninclosed lands of this State is not an independent or abstract right, like the

<div style="font-size:smaller">1. TRES-<br>PASS: right<br>of common:<br>legal fence.</div>

Herold v. Meyers.

"right of common of pasturage" at the common law. It is a permission or negative rather than an abstract or affirmative one; as against such a right of pasturage, no obligation to fence, so as to keep the cattle of the third person thereon, exists. If the cattle of another, feeding upon the commons in this State, trespass upon an inclosure, the owner thereof can only maintain his action therefor by showing, if controverted, that his fence is such as required by the statute. The reason is, that the cattle are not wrongfully in the commons; they have a permissive right there which protects the owner. But if the cattle of another break over a good and sufficient legal fence into one field, and from thence into another field of the same owner, separated from the first by an insufficient fence, such owner may maintain trespass for damage done after entering the last field. The reason is, that the cattle were not rightfully in the first field, from which they entered the last. There is no obligation, as to the public, to fence growing crops, but if they are not fenced, the owner cannot maintain an action for the damage done to them by the cattle of another. See, on this subject, *Knight* v. *Abert*, 6 Penn., 472; and *New York and Erie Railroad Company* v. *Skinner*, 19 Id., 301.

In *Bush* v. *Brainard*, 1 Cow., 78, the plaintiff was making maple sugar in an uninclosed woodland, and left some buckets of syrup under an open shed in his sugar works, and the defendant's cow came in the night and drank of the syrup, which caused her death. There was no evidence of any town by-law, permitting cattle to run at large, or of defendant's consent that any cattle might run upon his premises. The court held that the plaintiff could not recover, and reversed the judgment for the plaintiff rendered by the court below. SAVAGE, Ch. J., after citing several authorities and cases, deduced the conclusion, that although the defendant was guilty of gross negligence in

leaving his syrup where cattle running at large might have access to it, yet the plaintiff having no right to permit his cattle to go at large, there was no right of action. See also the very valuable and extended note to this case by the learned reporter. The decision of the case in 1 Cow., is conclusive upon this case, but the reason given for it tends to weaken if not destroy the force and effect of that decision. The reason would not be analogous in this case, unless it should be held that although the ox was rightfully upon the commons, and the defendant could have no right of action for the trespass by the ox on his corn by reason of his insufficient fence, yet the bare act of the ox in breaking over the fence, though insufficient, left him in the wrong, or at least deprived of the permissive right existing for his feeding upon the common. In this view, the eating of the corn which produced the death was like the drinking of the syrup in *Bush* v. *Brainard*, where the plaintiff had no right to permit his cattle to go.

In *Powell* v. *Salisburry*, 2 Young & Jervis (Exch. Rep.), 391, the plaintiff declared in case against defendant for not repairing his fences, *per quod*, the plaintiff's horses escaped into the defendant's close, and were there killed by the falling of a haystack; and it was *held*, that the damage was not too remote. In this case it was averred that the plaintiff and the defendant occupied adjoining closes, and that, as between them, the defendant was bound to keep the fence in repair. This fact is very material. Jury found a verdict for the plaintiff, and the defendant's counsel obtained a rule to show cause why the judgment should not be arrested, the injury being too remote, or why there should not be a new trial, the verdict being against the weight of evidence. On the hearing in the Court of Exchequer, the rule was discharged. No question as to the right to maintain the action was made or discussed, but the whole case was made to turn upon the question as

to the remoteness of the damage. See this case referred to in 1 Hill. on Torts, 94; see, also, *Russell* v. *Hanley, ante.*

Whatever may be the English rule as to the right to maintain trespass or case by one person against another occupying adjoining closes, where the defendant is bound to keep the fence in repair, we have no hesitation in holding that upon the facts as agreed in this case, the District Court held correctly that the plaintiff is not entitled to recover.

<div align="right">Affirmed.</div>