## BROADWELL v. WILCOX.

Fences: COMMON INCLOSURE. Where adjacent owners have fields inclosed in common, it is no defense, in an action by one against the other, for willfully and designedly allowing his stock to run in the inclosure and upon plaintiff's crops, that the fence surrounding the inclosure was not a lawful fence.

*Appeal from Marshall District Court.*

TUESDAY, JULY 9.

PLAINTIFF sued defendant before a justice of the peace. The petition contains five counts. The defendant demurred to the last, and answered the others. The justice overruled the demurrer; to which ruling the defendant excepted, and stood thereon. The cause was then tried to a jury, and resulted in a verdict and judgment for plaintiff. The defendant prosecuted a writ of error to the District Court, upon the ruling of the justice on his demurrer. The District Court affirmed the action of the justice, in overruling the demurrer, and entered final judgment for plaintiff for the amount recovered before the justice, and costs, together with costs in the District Court. The defendant appeals.

*Boardman & Brown* for the appellant.

*Henderson & Binford* for the appellee.

COLE, J.—The fifth count in the petition alleged that "plaintiff's farm being inclosed, in common with lands rented and had in charge by the defendant, said FENCES: common inclosure. defendant did willfully allow his sheep to run in said inclosure, to the damage of the plaintiff's crops," etc. The defendant filed, and the justice sustained, a motion for a more specific statement; and, in response thereto, the plaintiff added: "the land referred to was

Broadwell v. Wilcox.

not, in the opinion of plaintiff, inclosed by a lawful fence." The defendant demurred to this count, because it did not state facts sufficient to constitute a cause of action; for that, it " admits the land was not fenced on which the trespass was committed." This demurrer was overruled, and excepted to, and is the alleged error complained of. The fair construction of the language of the petition is, that the defendant intentionally put his sheep in the common inclosure. The precise words are: " did willfully allow his sheep to run in said inclosure;" that is, did, *by design, with set purpose,* allow, etc. (See Webster's Dict.) Such being the fair construction of the pleading, the nature or quality of the fence surrounding the common inclosure becomes immaterial; and the averment that it was not a " lawful fence" does not negative the cause of action. As between the parties having the common inclosure, of course no averment or *proof* as to a *lawful division* fence is necessary, in order to a recovery in such a case as that made by the fifth count. The appellant's counsel insist -that the count demurred to is, in effect, an ordinary claim for trespass by the stock of one upon the inclosure of another; and hence the showing of a want of lawful fence defeats the claim. Whether the same rules, as to trespass by animals, would apply to the owners of lands in a common inclosure, as between one such owner and a third person, we need not, and do not, determine, for the very plain reason that the pleadings do not present such a question. *Lawson* v. *Campbell,* 4 G. Greene, 413; *Herold* v. *Myers,* 20 Iowa, 378. There was no error in rendering final judgment for plaintiff, such matter being within the discretion of the District Court in such cases. Rev., §§ 3944, 3945. The case of *Garvin* v. *Wells* (8 Iowa, 216) is very different from this.

Affirmed.