## ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

## PETER CARRAHER.

47 333
37a 603

1. NEGLIGENCE—*when not deemed to exist.* Where a well is dug upon the land of another, without the knowledge or consent of the owner, and an animal falls into it and is killed, the owner of the land cannot be held to respond in damages on the ground of negligence.

2. So, where a well is dug upon the right of way of a railroad company, without their knowledge and consent, and a mule falls into it and is killed, the company cannot be held liable on the ground of negligence. in not covering or securing such well. The act requiring railroad companies to fence their roads, is only designed to protect the traveling community from accidents, occasioned by stock getting upon the road, and also to prevent damage to such stock, from their liability to be run over and killed, and is not intended to extend their liability to the case named.

Appeal from the Circuit Court of Alexander county; the Hon. JOHN OLNEY, Judge, presiding.

The opinion states the case.

Messrs. GREEN & GILBERT, for the appellant.

Mr. D. T. LINEGAR, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by Peter Carraher, in the Alexander Circuit Court, against the Illinois Central Railroad Company. The grounds of recovery are, that the company knowingly permitted a well to remain uncovered on their right of way, and that appellee rode his mule into it, whereby the mule was killed, and he sustained loss and damage thereby. The evidence shows that appellee did ride his

mule into such a well, situated about fifty feet from the track of the road, and that it was killed. The evidence does not seem to establish the fact that the well was on the right of way of appellants, or that their agents knew of its existence.

On the trial below, appellants asked the court to instruct the jury, that, "if a well dug on the ground owned by defendant, by third parties, without its knowledge or consent, and said well remained uncovered without the knowledge of defendant, the defendant is not guilty." We are at a loss to perceive why this instruction was refused. If, as the instruction states, the well was dug by third parties, without the knowledge or consent of the company, and it remained uncovered, without their knowing of its existence, we are at a loss to perceive how the company could be held liable for carelessness or a neglect of duty. This action proceeds upon the ground that appellants had omitted some duty imposed by law. The statute has not imposed such a duty as appellee claims, and we are aware of no common law duty requiring them to employ hands to search for such places on their right of way, and, when found, to cover them.

The act requiring such bodies to fence their roads, was adopted for a different purpose. It designed to protect the traveling community from accidents occasioned by stock getting upon the road, and also to prevent damage to such stock. They were not required to fence their right of way to prevent cattle from falling into wells, pits or morasses. Hence the common law is still in force, so far as it regards losses from such causes. In the absence of statutory requirement, such bodies are only, as a general rule, required to perform the same acts that are required of citizens; and we are aware of no rule of law that requires an individual to cover wells or pits on his uninclosed lands, or to fence bogs or dangerous quagmires, to keep his neighbors' cattle from getting into them. While, under the laws of this State, cattle may run at large, and may pass upon the uninclosed lands of others than the owner, it

has never been held that the owners of such lands are required to make them safe for the pasturage of his neighbors' cattle. If the owner chooses to permit his cattle to stray upon the lands of others, he assumes the risk of their being injured by falling into pits, or becoming mired in morasses; and the same rule applies to cattle straying upon the right of way of a railroad company. In this view of the question, with a modification, the seventh in the series of appellants' instructions should have been given. From what has been said, it will be seen that the instruction given for appellee was wrong, and should not have been given. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*