## John McGill

*v.*

## John Compton.

Negligence—*in the use of one's own premises—liability to others for injury occasioned thereby.* Where two persons owning adjoining tracts of land, not separated by any division fence, for the purpose of avoiding the expense of erecting and maintaining such a fence, mutually agreed that the stock of each might pasture, in the fall of the year, on the land of the other, it was *held* that the agreement, in the absence of a special contract to that effect, imposed no liability on the parties to protect from injury the stock of one while on the land of the other, as, where there was a "slough well" on the premises of one, around which there was no protection, and a horse of the other fell into the same and was drowned, the owner of the well was not liable for the injury.

Appeal from the Circuit Court of Bureau county; the Hon. Edwin S. Leland, Judge, presiding.

Mr. G. Gilbert Gibons, for the appellant.

Messrs. Eckles & Kyle, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This was an action, brought by appellee, to recover the value of a horse claimed to have fallen into and been drowned in a "slough well," located on the premises of appellant.

It is averred in the declaration that plaintiff and defendant were occupying adjoining lands; that such lands were under cultivation; each occupying a separate parcel, except in this, that there was no division fence separating the lands, but it was mutually understood and consented to by each, that their respective stock might pasture on the land of the other, in the fall of the year; that such had been the understanding and custom between them for a long period of time, viz.: for two years next preceding the happening of the injuries complained of; that such arrangement was made so as to save

each party the expense of making and maintaining a division fence between their lands. And it is further averred that defendant had a well on his premises, known as a "slough well," for the purpose of getting water for his stock, and it became and was his duty to keep it enclosed and covered, so as to keep plaintiff's stock from falling into the same, and by reason of the neglect of defendant in that regard, a horse belonging to plaintiff fell into the well and was drowned.

A general demurrer was interposed to the declaration, and was, by the court, overruled, and defendant electing to stand by his demurrer, judgment was rendered for the plaintiff, and that decision of the court is the only cause of error assigned.

The facts pleaded, when admitted, as the demurrer does, to be true, do not constitute a cause of action. Without the " understanding" between the parties each would be bound to keep his stock on his own premises, and if they escaped, with or without his knowledge, it would be at the risk of the owner.

The mere consent that the stock should run at large at certain seasons of the year, does not alter or change the legal liabilities of the parties in this regard. The " mutual understanding" should not be construed into a mutual contract to protect from injury or accident the stock of each other. Appellee allowed his stock to run at large on the premises of appellant, and if any accident befell it, he must bear the loss. It is not alleged that appellee had, by the terms of his contract, assumed any responsibility in the premises, and in the absence of a special contract the law imposed no liability. *Headen* v. *Rust*, 39 Ill. 186; *Ill. Cen. R. R. Co.* v. *Carraher*, 47 Ill. 333.

The demurrer was improperly overruled, and the judgment must be reversed and cause remanded.

*Judgment reversed.*