## GRAND TOWER MANUFACTURING AND TRANSPORTATION COMPANY

*v.*

## JOHN S. HAWKINS.

1. NEGLIGENCE—*contributory and comparative.* Although the mere fact that a plaintiff was guilty of contributory negligence in reference to the matter involved in his suit, will not, of itself, prevent him from recovering

for injuries caused by the negligence of the defendant, yet he can not recover in such case unless his negligence, as compared with defendant's, was slight, and that of the defendant was gross.

2. WHARF BOATS—*liability of owners of, when not common carriers of passengers.* The owner of a wharf boat, who is not a common carrier of passengers, and who receives no compensation from passengers for the use of his boat, whilst he is required to keep the passway safe which he permits the public to use, is not bound to maintain passways for passengers over and around every part of his wharf boat.

3. A wharf boat, which was the only landing for boats at the point where it was situated, belonged to a company which was not a common carrier of passengers; it was used for the purpose of receiving and transferring freight, and the public did business with the boats through this wharf boat; it was the custom of the owner of the wharf boat to keep it closed of nights; the passway for passengers was through, and not around it. A party, having business with a boat approaching the wharf boat, went on to it in the night, when it was closed, and, in passing around it, in a part not used or intended as a passway for passengers, fell into a hole and was injured. He had made no application to have the wharf boat opened. The steamboat had not landed when he was injured, and the wharf boat was opened in time to transact business with it when it landed: *Held,* that the owners of the wharf boat were guilty of no negligence, and that the party injured did not exercise ordinary care and caution, and was not entitled to recover.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. THOMAS G. ALLEN, and Mr. CHARLES H. LAYMAN, for the appellant.

Mr. WILLIAM J. ALLEN, and Mr. JOHN H. MULKEY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee brought his action on the case against appellant for injuries received by him in falling through a hole in appellant's wharf boat, at Grand Tower, and recovered judgment for $1000. Appellant, having taken proper exceptions, brings the case here by appeal, and insists, among other grounds for reversal, that the evidence fails to show any cause of action.

The law, as declared by this court through a long series of decisions, is, that, although the mere fact that the plaintiff was

guilty of contributory negligence, will not, of itself, prevent him from recovering for injuries caused by the negligence of others, yet he can not recover in such case unless his negligence, as compared with the defendant's, was slight, and that of the defendant was gross.

There must be fault on the part of the defendant, and no want of ordinary care on the part of the plaintiff, to entitle him to recover. *Galena and Chicago Union Railroad Co.* v. *Jacobs*, 20 Ill. 478; *Chicago, Burlington and Quincy Railroad Co.* v. *Dewey*, 26 id. 255; *Chicago, Burlington and Quincy Railroad Co.* v. *Hazzard*, id. 373; *Chicago and Alton Railroad Co.* v. *Pondrom*, 51 id. 333; *Chicago, Burlington and Quincy Railroad Co.* v. *Payne*, 49 id. 499; *Chicago and Alton Railroad Co.* v. *Gretzner*, 46 id. 74.

It appears, from the evidence, that appellant owned a wharf boat at Grand Tower, which was used for receiving and transferring freight. This was the only landing for boats at that point, and the public did their business with the boats through this wharf boat. On Tuesday night, July 12th, 1870, appellee arrived at Grand Tower on the steamer "Rubicon," a boat belonging to the Memphis and St. Louis Packet Company. In consequence of the lateness of the hour, and the fact that the boat could not approach the wharf boat by reason of coal barges then lying there, he left his carpet-sack in the boat. He paid the porter of the boat to look after the carpet-sack, and bring it ashore for him on its return, and also employed James Hull, appellant's clerk on the wharf boat, to see the porter and get his carpet-sack. On the following Sunday night, being the 17th of July, about dusk, as the "Rubicon" was passing down, appellee went down to the wharf boat to look after his carpet-sack. When he got to the wharf boat, he found it closed. It was then quite dark. He walked on to the wharf boat, on the gang-plank, and around on the opposite side. In going around, over the water, on the after-guard, he suddenly fell into a hole, of a circular form, and some two feet in diameter, from which he received a serious injury in his back.

It was the usual custom of appellant to keep its wharf boat closed of nights and on Sundays, except for a little while in the morning. The passway for passengers was through, and not around it. At the time appellee received his injury, the "Rubicon" had not landed, and the wharf boat was, on that evening, opened in time to transact business with it. Appellee made no application to any of appellant's servants to have the wharf boat opened, nor did he notify any of them of his desire to communicate with the "Rubicon." In his own language, he "went round the way he did, and took chances."

There is no evidence that the passway through the boat was insufficient to accommodate the public, or that it was unsafe, or that appellant invited the public to pass round on the afterguard.

We are unable to conceive upon what principle appellant can be held liable. We are aware of no duty which it owed the public that was not discharged. It was not a common carrier of passengers, or in the exercise of functions from which the law would imply a duty to have a passway open to the public at all hours of day and night across its wharf boat. It received no compensation from passengers for the use of its boat, and, while it was its duty to have the passway safe which it permitted the public to use, the rights of the public were limited to that passway, and its use, when kept open for that purpose. They can not compel appellant to maintain passways for passengers over and around every part of its wharf boat.

Appellee was guilty of a high degree of negligence. A man of ordinary prudence would surely have restrained his anxiety until the steamboat had landed, and would then scarcely have been trying to reach it by an unusual mode of access, without even a light to guide him.

We think it clear, from the evidence, that the plaintiff's own reckless imprudence was the efficient cause of his injury, and he alone must therefore bear the consequences.

The judgment is reversed.

*Judgment reversed.*