HUGHES v. HANNIBAL & ST. JO. R. R. Co., *Appellant.*

1. **Railroad**: NON-LIABILITY FOR CATTLE DROWNED ON COMPANY'S LAND. The forty-third section of the Railroad Law, (Wag. Stat., p. 310, § 43,) imposes upon a railroad company no liability to the owner of cattle accidently drowned in an unenclosed well situated on the company's right of way, notwithstanding the loss is occasioned by the failure of the company to erect and maintain proper fences as required by that section.

2. **Unenclosed Lands**: PRORPIETOR NOT LIABLE FOR ACCIDENTAL IN-JURY TO CATTLE COMING UPON THEM. The proprietor of unenclosed land is under no obligation to make it safe for pasturage, and if the cattle of another stray upon it and are killed by drowning in an un-guarded well, there is no liability resting upon him for the loss. A railroad company stands upon the same footing as any other pro-prietor,

| 66 | 325 |
| 32a | 82 |

| 66 | 325 |
| 36a | 387 |
| 66 | 325 |
| 41a | 144 |
| 41a | 189 |
| 66 | 325 |
| 49a | 535 |
| 66 | 325 |
| 126 | 388 |

| 66 | 325 |
| 102a | 446 |

*Appeal from Macon Court of Common Pleas.*—HON. WIL-
LIAM A. GUYSELMAN, Judge.

*James Carr* and *H. B. Leach* for appellant.

*J. L. Berry* for respondent.

HOUGH, J.—This was an action to recover the value of
a heifer accidently drowned in an abandoned tank or well,
situated in the open prairie in Macon county, upon the line
of defendant's right of way, four feet eight inches of its
diameter being on the defendant's land, and four feet
thereof, on the land of the adjacent proprietor.

The plaintiff bases his right to recover upon the alleged
negligence of defendant in failing to enclose or cover said
well. No statutory liability is imposed upon the defend-
ant for injuries like the one complained of, although occa-
sioned by its failure to erect and maintain fences as required
by the 43rd section of the law in relation to railroad com-
panies. The liability of the defendant is therefore, such
only as is imposed by the common law. *Lafferty v. Han.
& St. Jo. R. R.,* 44 Mo. 291 ; *Ill. Cent. R. R. Co. v. Carraher,*
47 Ill. 333.

Who made the excavation does not appear. It was
used by the defendant for the purpose of a tank or watering
place until a tank was erected at another place near by, when
the well was abandoned and left uncovered and unenclos-
ed. To divest the case of all embarrassing incidents, so
far as the plaintiff is concerned, we will suppose the exca-
vation to have been made by the defendant, wholly upon
its own lands. So far as the present inquiry is concerned,
the railroad company stands upon precisely the same foot-
ing as other land owners, and only those acts required of
natural persons, under like circumstances, can be required
of the defendant.

In this State, and in others similarly situated, it has

been held that the owner of cattle may permit them to run at large and stray upon the unenclosed lands of others without incurring any liability for such technical trespass, but it has never been held that the owners of the unenclosed lands are required to make them safe for the pasturage of such stray cattle. The existence of any such duty, on the contrary, is distinctly denied. *Ill. Cen. R. R. Co. v. Carraher*, 47 Ill. 333. The law on this subject is so perspicuously and succinctly stated by Chief Justice Gibson, in the case of *Knight v. Abert*, 6 Penn. St. 472, that we transcribe and adopt his views as applicable to and decisive of the present case. In that case the defendant was the owner of unenclosed woodlands, in which he had dug an ore pit. The plaintiff's ox had wandered on the land and fallen into the pit, and was thereby killed. For this the action was brought.

Gibson, C. J.: "In this, and perhaps in every American State, an owner of cattle is not liable to an action for their browsing on their neighbor's unenclosed woodland. But it follows not because such browsing is excusable as a trespass, it is matter of right. It is an immunity, not a privilege, or at most a license revocable at the will of the tenant, who may turn his neighbor's cattle away from his grounds at pleasure. Their entry is, in strictness, a trespass, which, for its insignificance, is not noticed by the law, probably on the foot of the maxim, *de minimis*, or perhaps, because it is better that all waste lands should be treated as common without stint. It certainly saves vexatious litigation. The particular loss from it is inappreciable, even as a subject of nominal damages, and would probably be held so even in England, where waste land is altogether worthless. But even if an owner of cattle had the right claimed for him, the tenant would not be bound to expend his money or his labor in preparing his land for the safe and convenient enjoyment of it. A man must use his property so as not to incommode his neighbor; but the maxim extends only to neighbors who do not interfere with it, or enter upon it.

He who suffers his cattle to go at large, takes upon himself the risks incident to it. If it were not so, a proprietor could not sink a well or a saw pit, dig a ditch or a mill race, or open a stone quarry or a mine-hole on his own land, except at the risk of being made liable for consequential damage from it, which would be a most unreasonable restriction of his enjoyment. He might as well be required to level a precipice, put a fence round a swamp or cut down reclining trees. It is enough in all reason, that his neighbor's cattle have the range of his forest, without imposing on him the duty of looking to their safety. If the owner of them do not choose to enjoy his license on that footing, let him keep them at home, or send a herdsman along with them. The law imposes no such duty on the tenant."

The cases relating to excavations made so near a public way as to be dangerous, under ordinary circumstances, to persons passing upon the way, are inapplicable to the case at bar and need not be noticed.

The judgment of the common pleas court will be reversed. The other judges concur.

REVERSED.