# James Turner
## v.
## Hynek Klekr.

*Personal Injuries—Elevator Shaft—Invitation to Enter—Instructions.*

1.　Where one is injured by falling into an elevator shaft in a portion of a meat market which is not open to the public, he can not recover damages therefor unless he entered such part of the premises upon express or implied invitation.

2.　In the case presented the question whether it was proper for the plaintiff to go to the place where he was injured except upon invitation, was not submitted to the jury by the instructions given.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Appellant was the owner of a meat packing house in January, 1885, where appellee, who was in the retail butcher business, and others, were in the habit of resorting to buy meats for their trade. On January 27th of that year, between three and five o'clock p. m., appellee called at said packing house to purchase meats in the usual course of his business. The superintendent of the packing house, seeing him, called the foreman, John Paul, to attend to his wants. There was a

business office in the packing house and from twenty to twenty-five feet distant from the office was an elevator shaft, which at that time was unguarded, the car being at some higher point in the building. Adjoining the elevator shaft was the sweat box, where the meats were stored for the purpose of keeping them from freezing.

Paul, under the instructions of the superintendent, after learning what kind of meats appellee wanted, proceeded to the sweat box. Appellee testified that he was told by Paul to come on, and in this he was corroborated by Paul, although there was other evidence tending to discredit both of them on that point. In attempting to follow Paul, appellee fell into the elevator shaft and was injured. Evidence was given tending to prove that the customers were not in the habit of going to the sweat box for meats.

This action was brought by appellee against appellant to recover damages for the injury received by such fall. There was a verdict and judgment for $1,000 against appellant, from which he appeals.

Messrs. STILES & LEWIS, for appellant.

Messrs. BLUM & BLUM, for appellee.

GARNETT, P. J. One theory upon which this case was tried in the court below, and has been argued here, is that appellee was present at the particular place in the building where the injury occurred without any justification or excuse, unless he was invited there by appellant's foreman. That element we consider the turning point in the case. Whether appellee was so in the wrong or not, was a question of fact for the jury, and should have been submitted under proper instructions.

The first instruction given for the plaintiff was as follows:

" The jury is instructed, as a principle of law, that a customer has a right to expect that reasonable care will be exercised by the occupier of premises to prevent injuries from any unusual danger to which he may be exposed of which the occupier has knowledge or ought to have knowledge. And this is true

whether the customer is actually bargaining at the time of the occurrence of the injury or actually buys or not."

Following that instruction the jury might have found a verdict for the plaintiff, while believing that customers were not in the habit of going to the sweat box, and that there was no express or implied invitation to them to go to that part of the building where the elevator shaft was located. That statement is a broader proposition than the authorities sustain. The case is not different in principle from Zoebisch v. Tarbell et al. 10 Allen, 385, where it was held that a customer of defendants, calling on business at the shop of the latter and going to a place in the building where customers or visitors were not accustomed to go, without any invitation, express or implied, and without the knowledge or assent of the defendants, or their servants, could not recover damages for injuries received in falling through a trap door in that part of the building where he had no right to be, as he took upon himself the risk of the perils to which he was thus exposed. A similar case is Grand Tower M. & T. Co. v. Hawkins, 72 Ill. 386, where the action was brought against the owner of a wharf boat for injuries to appellee, who went upon the boat at an hour when the usual passway for passengers was kept closed and attempted to walk around the boat on the after-guard. There was no evidence that the passway through the boat was insufficient to accommodate the public, or that it was unsafe, or that the owner had invited the public to pass around on the after-guard. The court held that appellant owed no duty to the public which it did not discharge; that while it was its duty to have the passway safe which it permitted the public to use, the rights of the public were limited to that passway and its use when kept open for that purpose. See also, Murray et al. v. McLean, Adm'x, 57 Ill. 378.

Taking these authorities for our guide, we have no difficulty in pronouncing the above instruction erroneous. This error was not cured by the instruction for defendant, which informed the jury that if they believed from the evidence that plaintiff approached the elevator against the remonstrance of the superintendent, and that the plaintiff, without the invitation of any

person, walked to the elevator, and, through the want of reasonable care on his part, met with the accident, the defendant was not liable. It will be observed that by the terms of this instruction, before a verdict could be found for the defendant, the jury must have found three separate facts, viz.: (1) remonstrance of the superintendent; (2) absence of invitation from any person; (3) want of reasonable care by the plaintiff. But there is nothing in either of these instructions which can be said to submit to the jury, as a question of fact, whether the place where the injury occurred was or was not a place to which the plaintiff had no right to go unless he was expressly invited. If it was not a place to which he was invited by implication, then the mere absence of express invitation imposed the risk upon him, though there was no remonstrance by any one.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*