## GIBSON, PARISH & COMPANY
### V.
## JOSEPHINE SZIEPIENSKI, ADMINISTRATRIX, ET AL.

*Personal Injuries—Negligence—Licensee.*

The law does not impose upon a property owner the duty of so guarding dangerous portions of his premises, that visitors shall receive no harm.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. JOHN LYLE KING and JOHN ROBERTS, for appellants.

Mr. JOHN GIBBONS, for appellees.

WATERMAN, J. Valentine Sziepienski, having a son who worked in the factory of appellants, went there to take his son's dinner to him. Entering a passageway that led to an elevator shaft, he fell down it and was killed.

The declaration in the case charges that on the 13th of March, 1888, defendants possessed, occupied and used a certain factory building, within which there was a certain hole, opening or shaft on the first floor of the first story of the building, through which an elevator passed up and down from the basement to the upper floors of said building. That it was the defendants' duty to have and maintain a safe and proper guard or barrier around and about said shaft, to prevent and save employes and other persons who might come into said factory with their permission and without their objection from falling, stepping or walking into said opening. Yet, defendants disregarded their said duty, and on the day aforesaid negligently and carelessly permitted said opening to be and continue so badly, insufficiently and defectively guarded, that for want of a proper and sufficient guard, Valentine Sziepienski, who was in said factory by the license, permission and

without the objection of the defendants, and who was passing along and on the ground floor of said factory building, exercising due care and diligence for his own safety, then and there necessarily and unavoidably stepped, walked and fell into said opening, whereby Sziepienski was bruised and mortally wounded.

It will be perceived that the declaration first alleges that it was the duty of the defendants to maintain a guard or barrier around the shaft or hole to prevent persons who might come into the factory with their permission, from falling into said opening. We do not so understand the law.

The rule as stated in Wharton on Negligence, Sec. 350, is: "If I invite persons into my house for no specific business, and therefore as no part of a contract, I say to them, 'Take me as you find me. I do not pretend to guarantee anything. If the house is not too old and rickety for me, it is not too old and rickety for you, if I give you *bona fide* what I keep for myself. At all events, you can no more complain if you choose to come into my house, on my invitation, that you have to encounter the same risks in it I am accustomed to encounter, than you can complain if you drop in to dine with me, that I give you pot luck.'"

"Hence, it is properly held that a man does not undertake to make his home safe so far as concerns mere visitors."

In Shearman & Redfield on Negligence, Sec. 705, the rule is thus stated: "A mere passive acquiescence on the part of the owner or occupant in the use of real property by others, does not involve him in any liability to them for its unfitness for such use. They take all risks upon themselves, and have no right to complain of any defect in the premises, even though caused by the direct act of the owner (*e. g.*, a pit sunk in the land), unless the act is malicious, or is committed with notice of the fact that strangers are likely to approach, and without any effort to warn them of the danger, under circumstances which justify a belief that the owner was indifferent to the injuries which might happen to them."

To the same effect is the case of Murray et al. v. McLean, Adm'r, 57 Ill. 378; McGill v. Compton, 66 Ill. 327; Illinois

Central R. R. Co. v. Carraher, 47 Ill. 333; Turner v. Klekr, 27 Ill. App. 391.   The declaration does not charge that the deceased was more than a mere licensee in the building by the permission of the defendant.

Most factories have in them dangerous places, and dangerous machinery; as to persons in the building by the mere permission of the proprietors, the law does not impose upon them the duty of guarding such dangerous objects so that visitors shall receive no harm.

The mere fact that a man makes an excavation on his own land and leaves it unguarded, does not render him liable to one who falls into it while passing over the premises by permission, but without invitation of the owner.   Victory v. Baker, 67 N. Y. 366; Mathews v. Bensel, 51 N. J. 30; Seveny v. Nickerson, 120 Mass. 306; Zoebisch v. Tarbell, 10 Allen, 385; Bolch v. Smith, 7 Hurlst. & Nor. 97 Com. Law, 729, 741.

The place where the deceased was injured was not one where it was expected that visitors would go; it was a place designed for the use of workmen alone, and was in actual use by the employes of the factory at the time of the accident; he was there not even by invitation of the defendants; there were signs of "No admittance," and although it does not clearly appear that they were so placed that the deceased would naturally have seen them, it does from this, as well as other testimony, appear that the place was not one to which the public were invited.

The deceased was there for a purpose that did not concern the defendants, and, so far as appears, without any knowledge on their part of his presence, or that he had ever been there before.

Under the circumstances, the defendants did not owe to him the duty of so guarding their premises that he could safely walk about them, or should receive no injury therein.

*Reversed and remanded.*