TENNESSEE CHEMICAL COMPANY *v.* T. A. HENRY.

*(Nashville.*   December Term, 1904.)

1.  **LANDOWNERS.**  Not required to keep their premises safe for
    trespassing animals by inclosures or otherwise.

    Landowners are under no obligation to keep their premises safe
    for trespassing animals belonging to others, but the owners
    of animals must, at their peril, keep them off the land of others,
    and whether such lands are inclosed or not is immaterial.

    Cases cited and approved:  Knight v. Abert, 6 Pa., 472; Rust v.
    Low, 6 Mass., 94; Hess v. Lupton, 7 Ohio, 216, pt. 1; Bush v.
    Brainard, 1 Cow., 79; Hughes v. Railroad, 66 Mo., 325; McGill
    v. Compton, 66 Ill., 327; Herold v. Meyers, 20 Iowa, 378;
    Walker v. Herron, 22 Tex., 55.

2.  **SAME.**  Same.  Not liable for unsafety of premises causing
    injuries to trespassing animals, if not an attractive nuisance;
    case in judgment.

    The owner of a shed inclosed except for a railroad track is
    not liable for the death of a cow straying therein caused by her
    eating sacks, which had contained nitrate of soda, stored in
    said shed, especially where the premises were not in any sense
    an attractive nuisance, the maintenance of which would make
    the owner liable for injuries sustained by trespassing ani-
    mals.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.—
J. A. CARTWRIGHT, Judge.

W. E. STEGER and W. C. CHERRY, for Chemical Co.

ALFRED T. LEVINE, for Henry.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an action to recover damages for the death of a cow, valued at $60, caused by alleged wrongful act.

Plaintiff in error, engaged in the manufacture of commercial fertilizers in the suburbs of the city of Nashville, stored sacks which had contained nitrate of soda, used by it in its business, in an open shed upon its premises, which were inclosed, save an opening for the entrance of cars bringing material and carrying out fertilizer. The cow of the defendant in error entered this inclosure, presumably along the railroad track, and, unobserved by the company's employees, ate some of these sacks and the particles of soda left in them, which unusual diet created violent internal disturbances, causing her death. This suit was brought to recover her value from the plaintiff in error upon the theory that it was guilty of negligence in not fencing its premises, so as to prevent stock running at large from becoming poisoned by eating its property there stored.

The trial judge, disposing of the case without a jury, gave judgment in favor of the plaintiff in the lower court, and the chemical company appeals and assigns error.

The owners of lands are under no obligation to keep

their premises safe for trespassing animals belonging to others, but the owners of animals must at their peril keep them off the lands of others, and whether such lands are inclosed or not is immaterial.

Judge Thompson, in his work on Negligence, 298, says: "A landowner is not liable for failure to keep his premises safe for trespassing animals. If cattle stray upon uninclosed lands and injure themselves by eating deleterious matter, which has been left there by the landowner without any malicious intent, the landowner is not liable to the owner of the cattle."

In the case of *Knight* v. *Abert,* 6 Pa., 472, 47 Am. Dec., 478, it is said: "A man must use his property so as not to incommode his neighbor; but the maxim extends only to neighbors who do not interfere with it or enter upon it. He who suffers his cattle to go at large takes upon himself the risk incident to it." And in *Rust* v. *Low,* 6 Mass., 94, it is said: "It is a general rule of the common law that the owner of cattle is bound at his peril to keep them off the lands of other persons, and he cannot justify or excuse such an entry by showing that the land was unfenced. Fences were designed to keep one's cattle at home, and not to guard against the intrusion of those belonging to other people." Other cases in accord are *Hess* v. *Lupton,* 7 Ohio, 216, pt. 1; *Bush* v. *Brainard,* 1 Cow., 79, 13 Am. Dec., 513; *Hughes* v. *Railroad Co.,* 66 Mo., 325; *McGill* v. *Compton,* 66 Ill., 327; *Herold* v. *Meyers,* 20 Iowa, 378; *Walker* v. *Herron,* 22 Tex., 55.

Chemical Co. v. Henry.

Nor were the premises of the chemical company in any sense an attractive nuisance, the maintenance of which made it liable for injuries sustained by trespassing animals.

There is no evidence to sustain this judgment, and it is reversed, and the suit dismissed with costs.