### Darius J. Walters v. Albert Stacey.

1. TRESPASS—*duty of owner of stock to prevent.* The common law rule that the owner of stock is bound to keep the same from trespassing upon the close of another at his peril, is in force in this State, except as between adjoining land owners required by statute to construct partition fences.

2. TRESPASS—*when owner of stock not liable for.* Where the fence claimed as defective was to have been jointly maintained by the plaintiff and the defendant, one part thereof by each, it is essential, in order for the plaintiff to recover of the defendant for the trespass of the latter's stock, that it be shown that the trespass complained of was the result of the defect in the part of the fence which was to be maintained by the defendant.

3. DEMURRER—*when action of court in overruling, cannot be urged as error.* The action of the court in overruling a demurrer cannot be urged as error where the complaining party has not abided by such demurrer.

4. EXPERT TESTIMONY—*when competent, when not.* In an action to recover for the death of a boar, it is competent to show by witnesses having special knowledge on the subject the natural disposition of boars

in the same enclosure to fight each other, and whether the wounds and cuts appearing on the boar in question might or could have been inflicted by the tusks of a boar; but it is not competent to show by so-called expert witnesses that such cuts and wounds were in fact inflicted by a boar, or to show the purpose of nature in providing boars with tusks.

Action of trespass. Appeal from the Circuit Court of DeWitt County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed November 24, 1905.

HERRICK & HERRICK, for appellant.

ARTHUR F. MILLER and GEORGE K. INGHAM, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in trespass by appellant against appellee to recover the value of a Poland China boar. The fifth and sixth counts of the second amended declaration upon which issue was joined, allege that through the negligence of appellee in failing to keep his portion of a partition fence in repair, a boar in his custody thereby escaped from his pasture into the adjoining pasture of appellant, and there gored and wounded appellant's boar to its death.

The sufficiency of the original declaration to which a demurrer was sustained, is not properly before us for review as appellant did not abide his declaration. The demurrer to the first amended declaration was properly sustained because its allegations necessarily imply the existence of a partition fence between the pasture of appellant and the pasture of appellee, and it is not alleged that appellee's boar went into appellant's pasture through a defect in the portion of the fence which it was the duty of appellee to keep in repair, or that it went through the portion of the fence which it was the duty of appellant to repair and that the same was good and sufficient.

The common law rule that the owner of stock is bound to keep the same from trespassing upon the close of another, at his peril, is in force in this State, except as between adjoining land owners required by statute to con-

struct partition fences. Bulpit v. Matthews, 145 Ill. 345; Selover v. Osgood, 52 Ill. App. 260. In the latter case, after stating the above common law rule, Mr. Presiding Justice Boggs, speaking for this court, said: " The statute requiring the construction of partition fences by adjoining land owners, abrogated the last mentioned common law rule as to the owners of inclosed adjoining fields, and cast upon such owners the burden and duty of erecting and maintaining a just proportion of the fence separating the premises. With the abrogation of that rule fell also as to such adjoining owners the other common law rule that rested upon it, that every man should keep his stock on his own premises at his peril, for the obvious reason that as to such adjoining premises the law required the landowner to maintain a good and sufficient fence to protect their premises against stock which might be in the adjoining field. The duties, obligation and right of such adjoining owners must be determined under the statute if they have a partition fence. After the establishment of a partition fence, under the statute, each owner was required to rely for the safety of his property against the animals of the adjoining owner upon the partition fence required by law to be maintained. If such owners keep up the whole line of division fence by a joint expenditure of labor or money, neither can recover damages for the trespasses of stock from the other on the ground that the fence was not good and sufficient, because the default was not that of one more than the other. Each is responsible for all parts of such a fence. In order to recover for trespasses occasioned by stock passing through a division fence, certain portions of which are to be kept up by each proprietor, the injured party is required to show either that the stock passed through that portion of the fence which it was the duty of the other land owner to maintain, and which duty was omitted or neglected, or that the stock passed through his own portion of the fence at a point where such fence was good and sufficient to turn stock even to some extent unruly."

Walters v. Stacey.

The propriety of the action of the court in overruling appellant's demurrer to appellee's special plea in the nature of a plea of release, cannot be questioned by appellant, as he did not abide his demurrer, but joined issue on the plea.

Upon the trial, the court at the close of appellant's evidence instructed the jury to find appellee not guilty, and upon the verdict so returned, judgment was rendered against appellant for costs.

The errors assigned and urged, other than those relating to the rulings of the court on the pleadings, heretofore disposed of, are, that the court excluded competent evidence offered by appellant, and improperly gave the peremptory instruction asked by appellee.

It was competent for appellant to show, by witnesses having special knowledge on the subject, the natural disposition of boars in the same enclosure to fight each other, and whether the wounds and cuts appearing on appellant's boar might or could have been inflicted by the tusks of a boar, but it was not competent to show by so-called expert witnesses that such cuts and wounds were in fact inflicted by appellee's boar, or to show the purpose of nature in providing boars with tusks. Appellee's objections to the interrogatories propounded to the witnesses were properly sustained.

It is clearly established by the evidence and conceded by appellee, that the portion of the partition fence appellant was bound to repair was good and sufficient as also were his other fences inclosing the pasture in which his boar was kept, and that the portion of the partition fence appellee was bound to repair was so defective that his boar was at liberty to enter appellant's pasture at will.

It is insisted by appellee that there is no evidence in the record tending to show that his boar entered appellant's pasture through the defective portion of the partition fence, and therefore, that the peremptory instruction was properly given. True, no witness testifies to having seen appellee's boar enter appellant's pasture through the defective

fence, nor is there any evidence of tracks in the ground at or in the immediate vicinity of the defect in the fence, but we are of opinion that from the facts and circumstances properly in evidence, legitimate inferences may justifiably be drawn supporting appellant's contention that appellee's boar entered the pasture through the defective portion of the partition fence, and that the question should have been submitted to the jury.

For error in giving the peremptory instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*