## Darius J. Walters v. Albert Stacey.

FENCE—*when liability for injuries resulting from failure to maintain partition, does not exist.* Where the owners of adjoining land have agreed that the stock of each might pasture on the land of the other, no action will lie by one against the other for a failure to maintain a partition fence.

Trespass. Appeal from the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

HERRICK & HERRICK, for appellant.

ARTHUR F. MILLER and INGHAM & INGHAM, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in trespass by appellant against appellee to recover damages for the alleged killing of a boar belonging to appellant by a boar in the custody of appellee which is alleged to have escaped by reason of a defect in a partition fence which it was the duty of appellee to have maintained. Upon trial by jury there was a verdict for appellee, and judgment against appellant for costs. An opinion by this court upon a former appeal of the case is reported in 122 Ill. App. 658.

The evidence tends to show that on May 16 or 17, 1903, a Poland China boar belonging to appellant was killed in appellant's enclosure by a Jersey red boar in the possession of appellee, then kept in an adjoining enclosure belonging to appellee, and that the Jersey red boar escaped from appellee's enclosure through a water gate in a partition fence which it was the duty of appellee to keep in repair. It was claimed by appellee upon the trial, and the jury were justified in so finding, that shortly prior to May 16, appellant and appellee had a conversation relative to the condition of their partition fences and water gates, which then

Walters v. Stacey.

appeared to have been out of repair; and that it was then mutually agreed between the parties, that owing to the high stage of water in the creek crossed by said water gates and the fact that both parties were then busily engaged in their farm work, neither of them would repair their respective water gates until they had their corn out, and that until the water gates should be so repaired neither would hold the other responsible for any damage occasioned by hogs escaping into each other's enclosure. The question at issue was purely one of fact and upon the evidence in the record, the verdict of the jury upon that issue is decisive against appellant.

It was competent for the parties to have mutually agreed that no partition fence should be maintained between their respective enclosures, and that the stock of each might pasture on the land of the other, and in such case no liability would arise against the one failing to fence. McGill v. Compton, 66 Ill. 327. We see no reason therefore, why an agreement, such as is alleged to have been made in this case, should not avail appellee to escape liability for his failure to repair the water gate.

It is urged that the trial court erred in admitting and excluding certain evidence and in giving, refusing and modifying certain instructions. A careful examination of the record discloses no ruling of the court upon the evidence that could have operated to the prejudice of appellant. The evidence offered by appellant in rebuttal was of a character, which it was within the discretion of the court to admit or exclude, and we are not disposed to say that such discretion was abused.

The burden of proving the agreement set up as a defense by appellee, was upon him, and the fourth instruction given at the request of appellant and the fourth instruction given at the instance of appellee, so informed the jury in substance.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*