### Henry C. Suttle v. Wilber Brown.

1. DEMURRER—*when action of court in overruling, waived.* Pleading after demurrer overruled waives the right to question the propriety of the court's ruling in overruling a demurrer.

2. INSTRUCTIONS—*when errors with respect to rulings upon, will not reverse.* Errors in rulings upon instructions will not reverse where it appears that such errors refer solely to the question of damages and the damages awarded were amply sustained by the evidence.

Action in case for personal injuries. Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

EDWARD J SWEENEY, for appellant.

HERRICK & HERRICK and INGHAM & INGHAM, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee instituted suit in the Circuit Court of DeWitt county against appellant to recover damages alleged to have been sustained through the negligence

of appellant. There was a verdict in favor of appellee in the sum of $600, upon which the court rendered judgment. This appeal followed.

At the time of the injury to appellee and for several years prior thereto appellant had been and was the owner and controller of a grain elevator at a small village called Hallsville, in connection with which he used and operated a corn sheller and a cob carrier. From the east end of the elevator there ran toward the east a wooden frame about eighty-seven feet in length in which was an iron shaft about one and one-half, inches in diameter and the full length of the frame, operated by an engine in the elevator, and which shaft in its revolutions propelled machinery to carry cobs from the elevator and dump or deposit them at the east end of such shaft. This shaft was about two or three feet above the surface of the ground and was protected only by pieces of timber 4x4 inches in size, placed about two and one-half inches from the rod in alternate sections of twelve feet each, so that the rod was protected on the north for half its length in alternate sections of twelve feet each and on the south side for half its length, likewise in alternate sections. Near the westerly end of the said revolving shaft and adjacent to the east end of the elevator was a dust house where, among the refuse from the elevator, broken kernels of corn were blown by the corn sheller to which, some of the evidence tended strongly to show, the small boys of the neighborhood were allowed to go in search of broken grain for chicken feed. The place in which the revolving rod was operated was open and unfenced and unguarded and, if not in a public highway, was so near thereto that children passing along such highway could be and were easily drawn or attracted thereto. In January, 1905, appellee, then only seven and one-half years old, in company with other boys a little older than himself, had gone to the dust house in question to get chicken feed, and while there he put his hand, on which he had a

cotton mitten, upon the revolving shaft, at a point un-
protected at the side where he stood, which caught his
mitten and so wound it and his hand over and around
the rod against the 4x4 timber on the opposite side of
the rod that his arm was broken or fractured in two
places.

Appellant first assigns as error that the court should
have sustained his demurrer to two additional counts
in appellee's declaration and now urges that upon the
claims therein set forth appellee cannot recover. This
question is not properly before us for review. If ap-
pellant had cared to test the sufficiency of the declara-
tion he should have stood by his demurrer, and not
have filed pleas to the merits, which he did. Walters
v. Stacey, 122 Ill. App. 658.

Appellant next contends that upon the evidence
there was no such showing made by appellee that a
recovery can be sustained. This issue tried was
purely one of fact for the jury and we do not feel
warranted in holding that the verdict is clearly or
manifestly against the weight of the evidence. That
the premises were wholly unguarded is not disputed,
and that they were in a public street or so closely ad-
jacent thereto as to be accessible at any time to chil-
dren and others passing along the highway is not de-
nied, while there was evidence given tending strongly
to show that Barnett, appellant's manager of the ele-
vator and place in question, knew prior to the time
of the injury that boys were visiting the dust house
for the purpose of getting chicken feed.

Neither do we think that the jury were unwar-
ranted in finding that the premises involved were of
a dangerous character, especially to children of the
age of appellee, who seems to have done no more or
less than common experience teaches that boys of his
age, capacity and experience will do.

Appellant next argues that there was error in ad-
mitting in evidence the testimony of the attending phy-

sicians, as to the number of visits they made upon appellee at his home and in the hospital during treatment. Even if it be conceded that this was error, which we do not do, it could have done appellant no injury, in view of the fact that the damages awarded appellee by the jury were very moderate and seem to have been wholly warranted by the testimony other than that given by the attending physicians.

Objection is made to the action of the court in respect to the giving and refusing of instructions, but we are not of opinion that there was any error in that regard so prejudicial to appellant's case as to warrant a reversal. It is true that the instruction as to the form of verdict was wrong, in telling the jury to allow appellee such damages as they might determine from the evidence he was entitled to recover, instead of saying that they should allow him such damages as the evidence showed he had sustained, yet such error was an entirely harmless one, in view of the fact already stated, that the damages allowed appellee were not in any sense excessive, and in view of the further fact that the correct rule, as now contended by appellant, was stated to the jury in its second instruction given for appellee. The instructions, as a series, stated the law fairly for appellant.

The judgment of the trial court was right and is affirmed.

*Affirmed.*