### Ekke Bohlen, Appellant, v. Anna Whitehouse et al., Appellees.

This case is controlled by the decisions in Walters v. Stacey, 122 Ill. App. 658.

Action commenced before justice of the peace. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. Rose, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

H. C. Stuttle and Hill & Bullington, for appellant.

Lane & Cooper and T. A. Gasaway, for appellees.

Mr. Justice Philbrick delivered the opinion of the court.

This is an action commenced before a justice of the peace for damages by reason of the alleged trespass of stock belonging to appellees upon the farm of appellant. The trial below resulted in a judgment against appellant for costs.

Appellant and appellees were the owners of adjoin-

ing farms.   The line between their farms was one hundred and sixty rods long; a hedge fence was on the division line.

Section 3 of chapter 54 of Hurd's Revised Statutes is as follows:

"When two. or more persons shall have lands adjoining, each of them shall make and maintain a just proportion of the division fence between them."

By agreement or arrangement between them, the then owners of the land, appellant assumed charge of the north half of this fence and appellees of the south half; thereafter appellant cut from this hedge numerous large trees and branches and used them as posts. Under the statute it became the duty of appellant to maintain one half of this division fence.

The only questions involved upon this record are whether there was any agreement or arrangement between appellant and appellees regarding the portion of this fence each should maintain, also whether appellees' stock went upon the premises of appellant through that portion of the division fence which it was the duty of appellant to maintain.

The trial below was had without a jury and the trial court found the issues for the defendant and rendered judgment accordingly and he was fully warranted in finding that this was a division fence, and that it was appellant's duty to maintain the north half thereof; that the stock of appellees went upon said premises through that portion of this division fence which appellant was required to maintain.   The trial court properly applied the law to the facts as found by it.

The question regarding the duty of adjoining land owners in relation to division fences was before this court in the case of Walters v. Stacey, 122 Ill. App. 658, and the rule as therein expressed is applicable to the case at bar.

Appellant insists the court erred in refusing to hold as the law certain propositions submitted by him.

The first proposition was upon the theory that if the

fence through which the stock passed in going upon appellant's farm, was the fence of appellees, then the plaintiff could recover; this proposition omitted the question as to whether appellant was bound to maintain said fence.

The second proposition was upon the theory that if the plaintiff used any portion of his land along this division fence for the pasturing of stock, then it became the duty of appellees to maintain the entire fence along that portion of the land where stock was so pastured.

The third proposition asked the court to hold that if the appellees' stock trespassed upon appellant's premises through a fence which the defendants had repaired, then the law presumes that the fence which appellees so repaired was appellees' fence.

Neither of these propositions contained a correct statement of the law applicable to this case and they were properly refused.

There being no error in this record, the judgment of the lower court is affirmed.

*Affirmed.*