## CAMBRIA COAL MINING CO. v. SAM HOSKINS.

Eastern Section. January 7, 1927.

J. H. Underwood, of Clinton, for plaintiff in error.
J. B. Burnett, of Clinton, for defendant in error.

THOMPSON, J. Sam Hoskins sued the defendant Cambria Coal Mining Company, before a Justice of the Peace to recover damages for the negligent killing of two cows and the injuring of two others— said cows being struck in the defendant's coal mine by an electric

motor which was pulling seventeen empty coal cars. The defendant seems to have brought a cross-action to recover damages sustained by it; that is, damages to its motor and the delay in mining operations while the wreck was being cleared up.

The record does not contain the judgment of the Justice of the Peace, but it does contain an appeal bond which the defendant, Cambria Coal Mining Company, executed in appealing the case of Sam Hoskins against it to the circuit court.

The judgment of the circuit court recites that the case of Sam Hoskins v. Cambria Coal Mining Company was tried before the court without the intervention of a jury; that the issue was decided in favor of the plaintiff, and that his damages were assessed at the sum of $100, etc. No mention was made of the cross-action of the Cambria Company v. Sam Hoskins.

Under the style of Sam Hoskins v. Cambria Coal Company, the defendant filed a motion for new trial upon three grounds, as follows:

"1. Because there is no evidence to support the judgment of the court against the defendant and in favor of the plaintiff.

"2. Because the evidence preponderates against the said judgment of the court.

"3. Because the court failed to render judgment against the plaintiff and in its favor, on the cross-action of the defendant for the damages resulting to its property by the wrongful trespass of plaintiff's cattle thereon."

This motion was overruled, and the defendant has appealed to this court and has assigned errors on each of the grounds of the motion for new trial. It of course filed a bill of exceptions.

In this status of the record we do not think the question of the Coal Company's right to recover damages from Sam Hoskins is properly before us for review. We, therefore, will consider only the correctness of the $100, judgment which the lower court rendered in favor of Hoskins and against the said Coal Company.

The land at the entrance of the mine was fairly level and there was nothing at the entrance to prevent cattle from straying into the mine. Cattle had at times strayed into the mine, which fact was known to the employees.

On the day of the accident five of Hoskins' cows had strayed into the mine. No one saw them go into the mine or knew that they were in it, and they evidently had not been in it very long.

At the time of the accident two of the defendant's employees (Lovely and Seiber) were taking or running seventeen empty cars into the mine. The cars were being pulled by an electric motor which was in front. Lovely was riding on the motor and was operating it. Seiber was riding on the rear car. The cows were on the track in the mine and were ninety-five feet from the entrance. There was

no light in the mine between the cows and the entrance—the first light being about 100 feet further into the mine. The mine and track from the entrance to the cows, was straight and there was a headlight burning on the front end of the motor. Lovely did not know the cows were in the mine, and he did not see them because he had just come into the mine from the outside where the sunlight was bright and his eyes had not yet become accustomed to the mine light so that he could see. He was running at a speed of from twelve to fifteen miles per hour when he struck the cows.

Under these facts we do not think that the defendant was liable to the plaintiff. As stated, Lovely nor any of the defendant's other employees knew that the cattle were in the mine, and Lovely did not see them until he struck them. Certainly the defendant owed no duty to the plaintiff to keep its mine so lighted that its employees could always see the plaintiff's cows if they should stray into the mine. Neither did defendant owe to the plaintiff the duty to require its employee in charge of its train in the mine to always be upon the lookout ahead to observe the plaintiff's cattle should they happen to stray into the mine. In fact the defendant was not under any duty to plaintiff to keep its premises safe for plaintiff's trespassing cattle. Chemical Company v. Henry, 114 Tenn., 152, 85 S. W., 401.

What has been said makes it unnecessary to consider the Private Acts of 1913 which seem to apply to Anderson county and require the owners of cattle to keep them confined, and which make said owners liable for damages done to the property of others by their cattle while running at large.

It results that in our opinion the judgment of the trial court was erroneous, and the same will be reversed and the suit dismissed at the cost of the plaintiff below, Sam Hoskins.

Portrum and Snodgrass, JJ., concur.