## Z. J. PEEK, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Springfield Court of Appeals, November 6, 1911.

1. ANIMALS: Animals Running at Large: Injury from Defects on Premises. A pole attached to which was one of defendant's telegraph wires had rotted and caused the wire to fall to the ground. Plaintiff's horse was running at large and pasturing upon the range and in doing so came to the place where the wire was down, became entangled in it and was injured. *Held*, that this did not make a prima facie case of negligence on the part of the defendant and plaintiff was not entitled to recover.

2. ———: ———: ———: Assumption of Risk. The owner of an animal, who turns it upon the range to run at large, assumes the risk of all injury not the result of wilfulness or wantonness, which might be caused by the use to which the land upon which the animal ranged was lawfully put.

3. NEGLIGENCE: Care of Premises: Animals. The owner of land may use it for his own purposes and in his own way and is not chargeable with actionable negligence for injury to persons or animals for failure to keep his premises in a safe condition, unless he has in some way invited them upon his premises or has wilfully or wantonly caused the injury.

4. ———: ———: Duty of Occupant: Animals. Where a party, not the owner, occupies land in some way, he owes no greater duty to the owner of animals running at large upon the range than does the land owner.

Appeal from Carter Circuit Court.—*Hon. Wm. N. Evans*, Judge.

REVERSED.

*George H. Fearons* and *Munger & Lindsay* for appellant.

A plaintiff who predicates his action upon the negligence of the defendant must show not only the conduct of the defendant, but also that it was the

violation of some duty which the defendant owed to him. In this case neither the petition nor the evidence discloses any state of facts, which renders the defendant liable to the plaintiff. Hughes v. Railroad, 66 Mo. 325; Turner v. Thomas, 71 Mo. 596; Overholt v. Vieths, 93 Mo. 422; Barney v. Railroad, 126 Mo. 372; Kelly v. Benas, 217 Mo. 1; Railroad v. Ferguson, 20 S. W. 545.

*J. L. Huett* for respondent.

COX, J.—Action for damages to plaintiff's horse caused by its becoming entangled in the wires of defendant which, it was alleged, were negligently allowed to fall upon the ground. Trial by court, judgment for plaintiff and defendant has appealed.

The only question for our consideration is a demurrer to plaintiff's testimony. The evidence shows that the defendant operates a telegraph line in Carter county and maintains wires upon poles for that purpose at the place of the injury. At the time of the accident, a pole had rotted and caused a wire to fall to the ground. Plaintiff's horse was pasturing upon the range and in doing so came to the place where the wire was down, became entangled in it and was injured. When the horse was found, it was down, entangled in the wire and lying with its head in the road. Whether or not this was a public road does not appear.

Does this make a prima facie case for the plaintiff? It is familiar law that while domestic animals are free commoners in this state and may roam at will upon unenclosed lands, yet the owner of land is not required to keep his premises in safe condition to avoid injury to them. He may use his own land for his own purposes, in his own way, and not be chargeable with negligence in a way to make him responsible for injury to persons or animals by reason thereof unless

he has in some way invited them upon his premises or has willfully or wantonly caused the injury. [Barney vs. R. R., 126 Mo. 372, 389, 28 S. W. 1069; Turner vs. Thomas, 71 Mo. 596; Hughes vs. Hannibal & St. Joseph R. R., 66 Mo. 325.]

It is clear under all the authorities that if the owner of the land instead of defendant had placed the telegraph wire thereon, no liability would attach to him for an injury to stock running at large upon the range such as is shown in this case. To charge the landowner with liability for such an injury, it would be necessary to show that he had in some way induced the animal to come upon his premises or that he had intentionally or wantonly injured it. Another party who may occupy the land in some way owes no greater duty to the owner of animals running at large upon the range than does the landowner and since the landowner could not be held liable for the injury had he maintained the wire in the same way, the defendant cannot be held liable. There was no charge of wantonness or willful injury but the action is grounded solely upon the charge of negligence in permitting the wire to fall down and since the defendant, under the facts in this case, owed no duty to plaintiff to keep its wires up in order to avoid injury to plaintiff's stock, it is not chargeable with negligence in failing to keep them up. The plaintiff in turning his animal upon the range assumed the risk of all injury, not the result of willfulness or wantonness, which might be caused by the use to which the land upon which the animal ranged was lawfully put.

The evidence discloses that plaintiff has no cause of action against defendant and the demurrer to plaintiff's testimony should have been sustained.

Judgment reversed. All concur.