## GILLESPIE v. WHEATLAND INDUSTRIAL CO.
### (No. 779.)

Negligence—Landowners—Ditches on Uninclosed Lands—Injury
to Straying Cattle—Liability.

1. As a general rule, the owner of uninclosed lands is under no
   duty to make or keep them in safe condition for live stock
   straying thereon.
2. While the owner of cattle lawfully running at large is not
   liable for their trespass upon uninclosed land, that does not
   make the entry of the cattle rightful in the sense that the
   owner may run and graze them on such land, nor make it
   the duty of the land owner to exercise care for their safety.
3. Where cattle strayed from the public range upon uninclosed
   land and were killed by falling into an open ditch thereon,
   the owner of the land was not liable for damages for the
   death of such cattle, the facts of the case not bringing it
   within any of the exceptions to the general rule.

[Decided May 15, 1914].                    (140 Pac. 832).

Error to the District Court, Laramie County; Hon. Rod-
erick N. Matson, Judge.

Alexander B. Gillespie brought the action against the
Wheatland Industrial Co., a corporation, to recover dam-
ages for the death of cattle belonging to the plaintiff caused
by their falling into an open ditch upon uninclosed land
owned by the defendant. From a judgment for the de-
fendant the plaintiff brought error. The other material
facts are stated in the opinion.

*Frank E. Anderson,* for plaintiff in error.

The failure of the company to guard the excavation was
the natural and proximate cause of the injury to and loss
of the cattle, and not the storm. (Ditch Co. v. Morrow,
8 Wyo. 537). The ditch was negligently maintained upon
the open range. Plaintiff's cattle were not trespassing upon
the land. (State v. Johnson, 7 Wyo. 512). And defendant
is liable for the natural, ordinary and reasonable conse-
quence of its neglect. (1 Sutherland on Damages, 57;
Howell v. Big Horn B. C. Co., 14 Wyo. 24; 1 Thomp. on
Neg., Sec. 957; Haughey v. Hart, 62 Ia. 96, 49 Am. Rep.

138; Jones v. Nichols, 46 Ark. 207, 54 Am. Rep. 575; Noblesville Gas & Imp. Co. v. Teter (Ind.), 26 N. E. 635; Young v. Harvey, 16 Ind. 314). The defendant was chargeable with knowledge that storms might occur, and that stock on the open range might drift with the storm upon its uninclosed land, and under these conditions leaving the ditch unguarded and unfenced was not such conduct as would be exercised by a reasonably prudent man. The defendant was liable under the statute making reservoir owners liable without regard to negligence for all damages arising from leakage or overflow of the waters of the reservoir, or by floods caused by breaking the embankments thereof. (Rev. Stat. 1899, Sec. 974).

*Clark & Clark,* for defendant in error.

The question is whether a land owner is under any obligation to safeguard dangerous structures upon his land in order to prevent injury to trespassing cattle. The present action seems to have been instituted under a misconception of the ground of the decision in Ditch Co. v. Morrow, 8 Wyo. 537. There the ditch company had utilized a natural draw as part of its ditch and by reason of the excessive grade a deep channel had been washed which became dangerous to animals. The plaintiff in that case was the owner of the land through which the dangerous channel had been washed, subject to an easement of the ditch company for its ditch, and he therefore had a right to graze and range his animals upon the land. The decision was therefore based, and properly so, upon the fact that the cattle were rightfully upon the premises. The cases cited and relied upon by counsel for plaintiff are not applicable to the facts in the case at bar. They were decided upon exceptions to the general rule that it is not the duty of the owner of uninclosed lands to render them safe for straying cattle. While an actionable trespass is not committed by cattle straying upon the land of another, that results from statutes placing the burden upon the landowner to protect his land against such cattle by fencing; but the cattle nevertheless are not rightfully

upon the land, and are therefore trespassing thereon. It is the general rule that the owner or the one in possession of land is under no legal obligation to keep it safe for the protection of animals running at large. (1 Thomp. on Neg., Sec. 155). That rule is applicable to this state. (Martin v. Ry. Co., 15 Wyo. 493. See also Hughes v. R. R. Co., 66 Mo. 325; Wilt v. Couglin, (Mo. App.) 161 S. W. 888; Beinhorn v. Griswold, 27 Mont. 79, 69 Pac. 557). The statute cited in the opposing brief imposing liability upon reservoir owners refers only to damage caused by the leakage of water, and has no application to the facts in this case. The plaintiff seeks to recover for negligence, and the negligence complained of is the failure to fence the ditch, not the construction of a pit-fall. But a land owner is under no duty to the straying cattle of others which prevents him from maintaining an excavation upon his land.

BEARD, JUSTICE.

In this action the plaintiff in error, who was plaintiff below, sought to recover damages for the loss of certain cattle which fell into a ditch and were killed. So far as necessary to understand the question presented here, the facts as stated in the petition are, that the defendant owned, operated and constructed a certain reservoir and irrigation works; that it constructed a spillway in the reservoir for the purpose of carrying off the surplus waters accumulating therein and that great quantities of water from said spillway flowed across a certain section of land, causing a deep ditch to be washed out across said land, which ditch was unsafe and dangerous to live stock crossing the range at or near said reservoir and spillway. That defendant knowingly, wilfully, carelessly and negligently maintained said ditch in a dangerous condition, and failed and refused to fence or guard it in any manner, although aware of its dangerous condition. That certain cattle of plaintiff were caused by a snow storm to travel toward said unguarded ditch, fell therein and were killed by reason of defendant's negligence in not properly fencing and guarding said ditch.

The defendant, among other defenses pleaded in its answer, admitted the ownership and control of the reservoir and that water flowed therefrom through said spillway, and that the water therefrom caused a ditch to be formed across the land described in the petition, alleged the necessity for the spillway and then alleged that at the time said ditch was created the land upon which it was situated was and still is the property of the Swan Land and Cattle Company, Limited, a corporation, and at all times mentioned the defendant had been in lawful possession of the same as lessee. That said cattle of plaintiff were upon said premises without the consent of the owner thereof or of the defendant and were trespassing thereon at the time they were alleged to have fallen into said ditch. To that defense the plaintiff demurred, and the demurrer being overruled, he elected to stand thereon and judgment was entered dismissing the petition and against plaintiff for costs. He brings the case here on error.

The sole question presented is whether or not the owner or person in lawful possession of uninclosed lands is liable in damages to the owner of live stock killed or injured by straying thereon from the public range, if the owner or person lawfully in possession of such premises causes or permits them to be in an unsafe or dangerous condition for live stock so straying thereon.

The gist of the argument of counsel for plaintiff is, that the cattle were not unlawfully on the premises and hence were not trespassing thereon. This argument is based upon the holding that the owner of live stock running at large upon the range is not liable for damages done by such stock straying upon the uninclosed lands of another. But the reason for such non-liability is not because they are not trespassing, but because no duty rests upon the owner to keep his stock off uninclosed land and he is not guilty of negligence in failing to do so or in permitting them to run at large; and being guilty of neither a wilful trespass, nor negligence in the care of his stock, he is not answerable in damages; and for the further reason that the land owner

has the right to exclude such stock from his premises by fencing against them or otherwise preventing them from coming or being thereon, and if he neglects to do so he takes the risk of trespass by animals lawfully running at large.    Such stock were not rightfully upon such uninclosed land in the sense that the owner had the right to run and graze them there; for if they were, then the landowner would have no lawful right to exclude or remove them therefrom.    On the other hand, as a general rule, the owner of uninclosed lands is under no duty to make or keep them in safe condition for stock straying thereon.    In Wilt v. Coughlin (Mo. App.), 161 S. W. 888, it was held, "The law is well settled in this and many other jurisdictions that the owner of uninclosed land is under no obligation to make it safe for pasturage, and, if stock stray upon it and sustain injuries by falling in a well or other excavation, there is no liability resting on the landowner for such loss." Citing Hughes v. Railroad, 66 Mo. 325; Turner v. Thomas, 71 Mo. 596; Peek v. Western Union Tel. Co., 159 Mo. App. 148, 140 S. W. 638; Overholt v. Vieths, 93 Mo. 422, 6 S. W. 74, 3 Am. St. Rep. 557; Witte v. Stifel, 126 Mo. 295, 28 S. W. 891, 47 Am. St. Rep. 668; Grindley v. McKechnie, 163 Mass. 494, 40 N. E. 764; Knight v. Abert, 6 Pa. 472, 47 Am. Dec. 478.    To which we add Ill. Cent. R. R. Co. v. Carraher, 47, Ill. 333; Beinhorn v. Griswold, 27 Mont. 79, 69 Pac. 557, 59 L. R. A. 771, 94 Am. St. Rep. 818. The present case differs from Ditch Co. v. Morrow, 8 Wyo. 537, 59 Pac. 159, 80 Am. St. Rep. 955.    In that case the stock belonged to the owner of the land through which the defendant's ditch extended, and were rightfully on the premises.    Counsel for plaintiff cites Haughey v. Hart, 62 Ia. 96, 17 S. W. 189, 49 Am. Rep. 138; Jones & Norris v. Nichols, 46 Ark. 207, 55 Am. Rep. 575; Young v. Harvey, 16 Ind. 314; and Nobleville Gas & Imp. Co. v. Teter, 1 Ind. App. 322, 27 N. E. 635.    In the Iowa case the excavation was alleged to have been made "immediately adjacent to the highway."    In the Arkansas case the pit was also

close to the highway, and cotton-seed and corn had been left by the appellants scattered in the neighborhood of it. In the case in 16 Indiana, the court said: "We think any reasonable man, of ordinary understanding and extent of observation of the ways of life, would say that the probability of injury to others, under the circumstances, from leaving the well in question in the condition it was, was not only strong, but that it amounted almost to a certainty—a probability as strong as would arise from an unguarded cellar on a street in the city." And in the Nobleville case the excavation was in the street. Those cases point out the exceptions to the general rule and the particular circumstances and state of facts which will render the landowner liable. No such conditions are alleged in this case as would bring it within the rule as announced in either of those cases. The demurrer was properly overruled, and the judgment of the District Court is affirmed.                *Affirmed.*

SCOTT, C. J., and POTTER, J., concur.