(December 17, 1921.)

## ALONZO GOULD, Appellant, v. JUDD REED and OSCAR CARLSON, Respondents.

[203 Pac. 284.]

INJURY TO LIVESTOCK RANGING ON UNINCLOSED LAND—LIABILITY OF OWNER OF LAND—WILFUL ACT—RECKLESS ACT—NONSUIT.

The owner of uninclosed land is not liable for injury to the livestock of another, ranging on his premises, caused by an act of the owner or his agent, while engaged in the lawful use of the premises, unless the owner or his agent wilfully and intentionally caused the death of the animal or, actually seeing it, proceeded recklessly in disregard of its safety.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Robert N. Dunn, Judge.

Action for injury to livestock. Judgment of nonsuit. *Affirmed.*

Lynn W. Culp, for Appellant.

"The owner, by permitting his cattle to be at large, simply takes the risk of inevitable accident to them, but not of injuries arising from want of ordinary care." (*Little Rock etc. R. Co. v. Finley,* 37 Ark. 562; *Macon etc. R. Co. v. Lester,* 30 Ga. 911; *Georgia R. etc. Co. v. Neely,* 56 Ga. 540; *Memphis etc. R. Co. v. Blakeney,* 43 Miss. 218; *Kerwhaker v. Cleveland etc. R. Co.,* 3 Ohio St. 172, 62 Am. Dec. 246; 1 Thomp. Neg. 472.)

The question as to whether the defendants used ordinary care, skill and diligence in felling the tree cut by them, and in looking to see whether any of the plaintiff's cattle, known

Publisher's Note.

1. On liability of one in possession of unfenced land for injury to livestock which strays thereon, see notes in 17 **Ann. Cas.** 565; **Ann. Cas.** 1917A, 288; 52 **L. R. A., N. S.,** 133.

by them to be ranging in the woods and about where they were engaged in their work of logging, were near enough to be caught and crushed beneath a falling tree, should have been submitted to the jury, and it was error to grant a nonsuit. (*Richmond v. Sacramento etc. R. Co.*, 18 Cal. 351; *McCoy v. California etc. R. Co.*, 40 Cal. 532, 6 Am. Rep. 623.)

Reed & Boughton, for Respondents.

The cow was roaming on the land of respondent where she had no right to be, and was a trespasser. (*Strong v. Brown*, 26 Ida. 1, Ann. Cas. 1916E, 482, 140 Pac. 773, 52 L. R. A., N. S., 140; *Beinhorn v. Griswold*, 27 Mont. 79, 94 Am. St. 818, 69 Pac. 557, 59 L. R. A. 771.)

In such a case respondents could only be held in damages for the wilful and wanton killing of the animal. (1 R. C. L. 1132; *Bush v. Brainard*, 1 Cow. (N. Y.) 78, 13 Am. Dec. 513; *Durham v. Musselman*, 2 Blackf. (Ind.) 96, 18 Am. Dec. 133; *Knight v. Abert*, 6 Pa. St. 472, 47 Am. Dec. 478; *Tennessee Chemical Co. v. Henry*, 114 Tenn. 152, 108 Am. St. 892, 85 S. W. 401; *Peek v. Western Union Tel. Co.*, 159 Mo. App. 148, 140 S. W. 638; *Tonawanda R. Co. v. Munger*, 5 Denio (N. Y.), 255, 49 Am. Dec. 239; *Jonosky v. Northern Pac. R. Co.*, 57 Mont. 63, 187 Pac. 1014; *Christy v. Hughes*, 24 Mo. App. 275; *Kruse v. Romanowski*, 3 Sask. L. R. 274; *Union Pacific R. Co. v. Rollins*, 5 Kan. 167.)

A person is only liable for the wilful and wanton killing of a trespasser after his presence is discovered. (20 R. C. L. 59, 60; *Cleveland etc. R. Co. v. Means*, 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375; *Giannini v. Campodonico*, 176 Cal. 548, 169 Pac. 80; *Wilmes v. Chicago, G. W. R. Co.*, 175 Iowa, 101, 156 N. W. 877, L. R. A. 1917F, 1024; *Louisville & N. R. Co. v. Pendleton's Admr.*, 126 Ky. 605, 104 S. W. 382; *Charleston & W. C. R. Co. v. Johnson*, 1 Ga. App. 441, 57 S. E. 1064.)

McCARTHY, J.—Appellant sued respondents for damages for killing his cow, alleging that respondent Reed and one Hogburg, while in the employ of respondent Carlson, and engaged in felling trees and sawing them into logs on property belonging to the latter, killed the cow by felling a tree in such a way that it struck her. Appellant alleged that respondents knew that his cattle, including the one killed, were on the lands in question, and that said lands were uninclosed by any fence; that respondent Reed and said Hogburg caused the tree to fall toward the place where the cow was standing, in plain view of them. Respondents alleged in their answer that the tree fell in the opposite direction from that intended, due to the fact that it was rotten, and to a gust of wind. They denied that respondent Reed and said Hogburg saw the cow when they began to fell the tree, and alleged that they saw her first when the tree started to fall, when she started to run in the direction in which the tree was falling. After trial in the justice's court in which the action was started, resulting in a verdict for appellant in the sum of $50 and costs, appeal was taken to the district court. Appellant's evidence there showed that the land was uninclosed and belonged to respondent Carlson; that respondent Reed and the said Hogburg were engaged in felling trees and sawing them into logs in his employ; that the cattle of appellant and other parties, including the cow in question, were accustomed to range on said land; that the tree was undercut on the east side and the men were sawing from west to east; that the stump showed they tried to fell the tree due east; that it fell a little to the east but more to the north; that it was 100 feet from the stump to where the cow lay after she was killed. Appellant was asked whether he could tell by looking at the tree whether there had been any effort to wedge it in felling it. He answered, "No, I couldn't say. I couldn't see any impression whatever of the wedge on the stump." He also testified that a person standing at the stump of the tree could have seen the cow at the point

where she was struck. It is not reasonable to infer from this that respondents saw the cow before felling the tree, because, first, there is no evidence as to just when she reached the point where she was struck, and, second, the respondents, in attempting to fell the tree due east, would naturally be looking in that direction, rather than in the direction in which the tree actually fell. At the conclusion of appellant's evidence respondents moved for a nonsuit on the ground that appellant had wholly failed to prove a case for the jury and that the evidence introduced showed no liability on the part of respondents. This motion was granted by the court and judgment entered for respondents. From it this appeal is taken.

The weight of authority and the better reason hold that the owner of uninclosed land is not liable for injury to the livestock of another, ranging on his premises, resulting from the condition of the premises or some dangerous agency thereon, unless the injury is caused wilfully or recklessly. (*Strong v. Brown,* 26 Ida. 1, Ann. Cas. 1916E, 482, 140 Pac. 773, 52 L. R. A., N. S., 140; *Beinhorn v. Griswold,* 27 Mont. 79, 94 Am. St. 818, 69 Pac. 557, 59 L. R. A. 771; *Peek v. Western Union Telegraph Co.,* 159 Mo. App. 148, 140 S. W. 638; *Tennessee Chem. Co. v. Henry,* 114 Tenn. 152, 108 Am. St. 892, 85 S. W. 401; *Ferguson v. Miami Powder Co.,* 9 Ohio C. C. 445; *Knight v. Abert,* 6 Pa. St. 472, 47 Am. Dec. 478; *Bush v. Brainard,* 1 Cow. (N. Y.) 78, 13 Am. Dec. 513.)

"It seems to us that when a mining claim is left un-fenced, as between the owner thereof and the owner of graz-ing livestock, there exist concurrent risks. The owner of the mining claim incurs the risk of having livestock herd and graze over his land and claim, and he takes the chances of any incidental damages which they may do his property by reason of having free ingress thereto. On the other hand, the owner of such livestock, while he has the privilege of permitting his livestock to run at large and graze over the uninclosed property, takes the concurrent risk of such

stock getting into dangerous places, falling into pits or excavations or getting into buildings or works belonging to the land owner and getting maimed or killed." (*Strong v. Brown, supra.*)

"Pol. Code, sec. 3258, and the custom of the state making the maintenance of a legal fence by a land owner a prerequisite to recovery for trespass by domestic animals of another, do not charge the land owner with the duty to keep cattle lawfully at large from coming on his land, or make their entry thereupon rightful, so as to make him liable for injuries to such animals caused by the existence of dangerous agencies on the land, but not wantonly or intentionally caused." (*Beinhorn v. Griswold, supra.*)

The principle of these decisions applies with equal force to an injury caused by an act of the owner or his agent, while engaged in the lawful use of the premises, such as the act of the respondents in felling the tree. The liability of a railroad company for injury to stock straying on the track, where the company is not required to fence, is a matter upon which the authorities differ, some courts treating such cases as an exception to the general rule. That question is not involved in this case. We conclude that respondents would not be liable unless they wilfully and intentionally caused the death of the cow or, actually seeing her, recklessly felled the tree in disregard of her safety. Whether the evidence shows any negligence on the part of respondents in felling the tree may be a debatable question, but it entirely fails to show that the death of the cow was caused by any wilful, intentional or reckless act of respondents. The motion for nonsuit was rightly granted.

The judgment is affirmed, with costs to respondents.

Rice, C. J., and Budge and Lee, JJ., concur.

Dunn, J., being disqualified, took no part in the decision.