796 P.2d 131

**Andrew R. BYBEE and Patsy Bybee, husband and wife, Plaintiffs/Appellants,**

v.

**Wade CLARK and Pamela Clark, husband and wife, Defendants,**

**and**

**Intermountain Farmers Association, a Utah Corporation, Defendant/Respondent.**

**No. 18037.**

Supreme Court of Idaho.

Aug. 22, 1990.

---

Whittier, McDougall, Souza, Murray & Clark, Pocatello, for plaintiffs/appellants. Monte R. Whittier, argued.

Johnson, Olson & Bacon, Pocatello, for defendant/respondent Intermountain Farmers Ass'n. Charles L. Johnson, III, argued.

HERNDON, Justice Pro Tem.

This appeal arises from the application of a stipulation and judgment resolving a boundary line dispute.

Plaintiffs/appellants Andrew R. Bybee and Patsy Bybee (Bybee) appeal the summary judgment awarded to defendant/respondent Intermountain Farmers Association (IFA).

Bybee argues that issues of material fact still exist because the stipulation and judgment require IFA to maintain a "legal fence" around its property.

IFA counters that the stipulation and judgment apply only to the boundary dispute and it has no duty to prevent the trespass of Bybee's cattle.

The district court concluded that no issue of material fact existed and granted IFA summary judgment, attorney fees and costs. We affirm.

## I. STATEMENT OF FACTS AND PROCEEDINGS

Bybee conducts a large farming and cattle ranching operation in Caribou County. IFA commercially marketed and stored grain—partly in open unprotected piles—on a five-acre tract of land immediately adjacent to Bybee's property where he grazed his cattle.

Bybee and IFA actually have been involved in two litigations. The first, *Intermountain Farmers Association v. Andrew and Patsy Bybee*, Caribou County Case No. 3198, tried on January 21, 1986, before District Judge William H. Woodland, involves a boundary dispute and a quiet title action to IFA's five acres.

After more than two days of trial, counsel and parties met at a settlement conference before Judge Woodland and stipulated settlement on the record. The discussion with the court outlines the settlement as a resolution of a boundary dispute. The only mention of a "legal fence" was when Mr. Johnson, attorney for IFA, noted and recited the stipulation[1] that IFA "will install a

---

1. Hearing conducted by Judge Wallace Transtrum, dated October 24, 1985 in Caribou County, Idaho. Record 76–86.

legal fence or better fence around the boundary line as shown on the exhibit as soon as practical," in order to mark the division of the lands in dispute.

A written "Full and Final Release"[2] sets forth the settlement and states in part:

> [T]his agreement is made for the primary purpose of resolving a boundary line dispute between Andrew and Patsy Bybee and Intermountain Farmers Association, a Utah corporation; which shall be resolved as stated in a settlement agreement in the court records and a stipulated judgment between the parties in Case No. 3198.

*Id.* at 33–44. The "Full and Final Release" further provides for the construction of the fence and goes on to state:

> [T]he fence line shall be recognized as the true boundary line. Further, that upon completion of the legal fence by Intermountain Farmers Association, a Utah corporation, that the boundary shall be deemed conclusively established thereby (if not challenged within one month of its completion). The express intent of this agreement is that there shall be no further litigation between the parties as to the boundary lines of the parties; ....

*Id.* at 3–4.

Judge Woodland on January 22, 1986, entered judgment pursuant to the stipulation. The judgment[3] recites the resolution to the boundary problem and also orders:

> [T]he Intermountain Farmers Association, plaintiffs in this matter, at their own expense shall construct and maintain a legal or better fence as described by Idaho Statute around the foregoing tract of land.

*Id.* at 39.

Sometime after the judgment, "a legal or better fence" was constructed on three sides of the IFA'S rectangular-shaped five-acre tract that borders the Bybee property. No fence was placed along the fourth side which borders the county road.

No mention was made in this first action about fencing livestock in or out.

This action on appeal represents the second litigation between the parties. On June 11, 1988, Bybee filed suit against Wade and Pamela Clark (Clark) and IFA for damages incurred when Bybee's cattle ingested IFA's grain and then foundered and died. Bybee contends that IFA failed to maintain a "legal fence" around the IFA property as required by the stipulation and judgment in the first action and as a result the Bybee cattle went around the fence on the county road side and consumed large quantities of grain that had been placed on the ground.

On February 15, 1989, the district court (this time Judge Wallace M. Transtrum) granted summary judgment and dismissed Bybee's complaint against Clark and IFA.

Bybee and Clark stipulated that Clark could be dismissed and he is no longer involved in the appeal.

## II. SUMMARY JUDGMENT

 Motions for summary judgment should only be granted when no genuine issue of material fact exists after the pleadings, depositions, admissions and affidavits have been construed most favorably to the opposing or non-moving party, and the moving party is entitled to judgment as a matter of law. *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1987); *Boise Car & Truck Rental Co. v. Waco, Inc.,* 108 Idaho 780, 702 P.2d 818 (1985); *Maxwell v. Women's Clinic, PA,* 102 Idaho 53, 625 P.2d 407 (1981); Idaho Rules of Civil Procedure (I.R.C.P.) 56(c). Liberal construction of the facts in favor of the non-moving party requires the court to draw all reasonable factual inferences in favor of the non-moving party. *Herrera v. Conner,* 111 Idaho 1012, 729 P.2d 1075 (Ct.App.1986); *Blake v. Cruz,* 108 Idaho 253, 698 P.2d 315 (1985).

In ruling on a motion for summary judgment, the district court is not permitted to weigh the evidence or to resolve contro-

---

**2.** The Full and Final Release dated January 6, 1986, executed by Bybee.

**3.** Judgment dated January 22, 1986, Caribou County Case No. 3198.

verted factual issues. *Altman v. Arndt,* 109 Idaho 218, 706 P.2d 107 (Ct.App.1985).

■ The district court did not specify or explain his reasoning when he granted summary judgment. However, the record, when considered in a light most favorable to Bybee, establishes that the original action by Judge Woodland resolves a boundary dispute between the parties. The reference to "legal fence" describes the fence which marks the boundary between Bybee's property and the IFA acreage. As Bybee states in his release:

> [T]his agreement is made for the primary purpose of resolving a boundary line dispute ... Further, that upon the completion of the legal fence by Intermountain Farmers Association, a Utah corporation, that the boundary shall be deemed conclusively established thereby (if not challenged within one month of its completion). The express intention of this agreement is that there shall be no further litigation between the parties as to the boundary lines of the parties; ....

Thus, the first litigation dealt with boundary and not cattle. The district court's reference to fence "around" the property also applies to the boundary.

If the "around the property" language in the stipulation, release and judgment was meant to fence out the cattle, then one of the documents would address livestock. If the language applies to livestock in addition to boundaries, then the parties should look to enforcing the original judgment before Judge Woodland.

■ Unless within a herd district, Idaho law requires neither the livestock owner nor the land owner to fence. *See* I.C. § 25–2405; *Maguire v. Yanke,* 99 Idaho 829, 590 P.2d 85 (1978). The record indicates no herd district enclosed the Bybee—IFA lands in question. In other words, the rancher has the right to allow his cattle to roam and he is not liable for the injuries caused by the ranging livestock on another's unenclosed lands; but, the owner of the unfenced property is not liable for the injury to the livestock of another ranging on his premises. *Strong v. Brown,* 26 Ida-

ho 1, 140 P. 773 (1914); *Gould v. Reed,* 34 Idaho 618, 203 P. 284 (1921).

### III. SUMMARY

In summary, we find no genuine issue of material fact exists and that IFA is entitled to judgment as a matter of law.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ., concur.