### Merrill W. Mosher v. George H. Jewett.

*Distraint.   Judgment.   Lien.   Pounds and impounding beasts.   Practice.
Superior Court.*

In a case tried before the justice of the superior court without the interven-
tion of a jury, subject to exceptions in matters of law, his findings in mat-
ters of fact, are conclusive so far as material for a consideration of the ex-
ceptions, but are not finally conclusive till the rendition of judgment
thereon.

In a town in which there is no pound nor pound keeper, a person may legally
detain in his custody an animal taken upon his premises *damage feasant,*
and has a lien upon such animal for expenses necessarily incurred in
taking suitable care of it.

On exceptions, to the ruling of the present justice of the su-
perior court.

Replevin of a yearling bull, brought December 3, 1870, en-
tered at the February term, 1871, of the superior court, tried
before the then justice of that court at its April term, 1871, who
found that the bull was the plaintiff's, but was found unlawfully
trespassing and doing damage upon the defendant's premises,
without either fault or consent on the part of the defendant, who
took care of him, and then posted three notices in public places in
Gorham and inserted an advertisement in the Portland Press,
stating that the animal was found in his enclosure and that the
owner could have him by proving property and paying charges;
that within ten days after this (which was October 25, 1870) the
plaintiff called and saw the bull, but was doubtful of its identity;
that subsequently, to wit, November 4, 1870, the defendant offered
to deliver him to the plaintiff upon proof of ownership, furnishing of
indemnity against any adverse claim, and payment of five dollars
for damages and keeping, but with these terms the plaintiff refused
to comply and declined to take him; that no demand was made on
Mr. Jewett till Dec. 1, 1870, when, upon his refusal to surrender
him till compensated for his expenses and care in keeping him,

Mosher *v.* Jewett.

the plaintiff offered Mr. Jewett, but did not tender him, ten dollars therefor, which he rejected as insufficient; and, upon the the twelfth day of December, 1870, the plaintiff replevied the beast by the writ in the present action; that the defendant suitably kept the bull for forty-eight days, for which he ought to have twenty-four dollars; that he paid two dollars for advertising, and the bull did him damage to the amount of four dollars; and thereupon the justice ruled, as matter of law, that the plaintiff was not, at the time of the demand made by him, entitled to the immediate possession of the bull because he had not made nor tendered to the defendant payment for the keeping of the bull, for which he had a lien upon the animal; that the defendant could rightfully retain him till this lien was discharged; and he awarded damages to the defendant in the sum of thirty dollars, to which the plaintiff excepted. These exceptions were sustained, as appears by the report of the case in 59 Maine, 453,-6.

At the March term, 1873, the cause came up again before the present judge of the superior court, when the plaintiff moved for judgment in his favor "because at the trial of this case, in this court, at the April term, 1874, before the justice thereof without the intervention of a jury, the said justice found, as a matter of fact, that said bull was and is the property of the plaintiff," and because the ruling of the justice that, as matter of law, the defendant had a lien upon the beast, had been declared erroneous by the decision of the law court, in sustaining the plaintiff's exceptions; thereby determining conclusively between these parties, the issue of law and of fact, that the plaintiff owned the bull and that the defendant had no lien upon him when this suit was brought; so that "the case is now ready for judgment without further trial or hearing, which cannot properly or legally be required or had, without the plaintiff's consent," which he declined to give. The judge overruled the motion and directed a new hearing of the cause before him, to which the plaintiff excepted.

Upon this hearing the judge found substantially the same facts that his predecessor did, with the additional one, upon which the

case finally turned, "that during the year 1870 there was neither pound nor pound keeper in the town of Gorham;" and he again ordered judgment for the defendant in the sum of thirty-four dollars damages, and for his costs, to which the plaintiff excepted.

*Howard & Cleaves*, for the plaintiff.

Our motion for judgment should have been allowed. The facts in this case had been decided by a former judge of the superior court, and judgment should have been entered upon these facts according to the principles of law laid down in the decision of this court upon the legal issues between these parties which had been presented and conclusively determined in *Mosher* v. *Jewett*, 59 Maine, 453. No new trial was ordered; therefore, to the facts, as found by the justice before whom the cause was tried, which were a matter of record and conclusive upon the parties, it was the duty of the presiding justice to apply the law.

See the act establishing the superior court; Public Laws of 1868, c. 151, § 6; *Montine* v. *Deake*, 57 Maine, 38. The findings of law and of fact, with the single exception as to the existence of a pound, are the same as those before declared by this court to be erroneous. The additional fact here found cannot alter the legal position of the case. The court held that the law provided two remedies, to wit: distraint and commitment to the pound, or an action of trespass. R. S., c. 23, § 4; 59 Maine, 456. Because the neglect of his town deprived him of the opportunity to impound, it does not follow that he has the right to detain the beast in his own barn, when the statute indicated an easy method for him to preserve his rights and his lien; if he chose to disobey the statute, then he lost both.

The common law lien was abrogated by statute of 1834, c. 137, and has had no existence since. *Gooch* v. *Stephenson*, 13 Maine, 371; *Cutts* v. *Hussey*, 15 Maine, 237. Justifying under a statute, then, the defendant is a trespasser *ab initio* unless he shows strict compliance therewith. *Morse* v. *Reed*, 28 Maine, 490.

*John A. Waterman*, for the defendant.

Where exceptions are sustained to directions of a judge presiding at a jury trial, there is no pretence that the facts found by the jury are conclusively found, but a *venire de novo* is awarded. How does the present case differ from that? There is nothing in acts of 1868, c. 151, to sustain the claim, or the plaintiff's motion. Decisions of the law court, are to be certified to the superior court, in cases originating there, "with the same effect as in cases originating in the supreme judicial court." § 9.

Without any fault of his own, the defendant found himself in a very novel and embarrassing situation. He had taken possession of an animal found doing damage upon his premises, and there was no pound to which he could commit the beast and no known owner against whom he could bring his action of trespass for the damages: hence, it was a *casus omissus*, for which the statutes provided no remedy and the common law lien therefore remained. The cases cited by the plaintiff do not sustain his assumption that this lien has been abrogated by statute, in cases like the present.

VIRGIN, J. When a case is tried by the justice of the superior court "without the intervention of a jury, subject to exceptions in matters of law," his findings in matters of fact, are conclusive *pro hac vice*—so far as they become material to a consideration of the exceptions—and they cannot be revised by this court. But they are not finally conclusive until by a judgment they have become *res adjudicata*. With the exception of their not being subject to revision on motion, they perform the office of verdicts special or general; and when exceptions in matters of law are sustained in such cases, the effect is to give a new trial both as to the facts and the law, the same as if the facts had been submitted to and found by a jury.

In the case at bar the finding as to the title of the property replevied is the same in the latter as it was in the former trial. And the other material facts were substantially the same in both trials, with the exception that in the latter trial was found the additional

fact—that during the year 1870, there was neither pound nor pound keeper in the town of Gorham.

Prior to the enactment of our statutes relating to the impounding of cattle, the common law permitted a land owner "to be his own avenger, or to minister redress to himself" by "distraining another's cattle *damage feasant*." Otherwise it might "be impossible, at a future time to ascertain whose cattle they were that committed the trespass." And when cattle were distrained for that cause, it became the duty of the distrainer to put them into some enclosure denominated a pound, which might be a common, or a special pound—overt or covert—and there keep them. If in a special pound-covert, as in the impounder's own barn, he was bound to properly feed and care for them. When thus impounded they were kept in the nature of a pledge until satisfaction were made ; unless the owner (*replegiavit*) took back the pledge by a replevin writ. Thus the distress was the common law security. 3 Black. Com., 6—13.

What effect did the statute have upon the common law right and method of impounding cattle *damage feasant* ? Did it abrogate it altogether ? *Gooch* v. *Stevenson*, 13 Maine, 371, and *Cutts* v. *Hussey*, 15 Maine, 237, do not pretend to declare that.

Statutes are not to be construed as taking away a common law right unless such intention is manifest. *Melody* v. *Reab*, 4 Mass., 472. And where a remedy existed at common law and the statute creates a new remedy in the affirmative, without a negative express or implied, a party may still seek his remedy at common law. *Coffin* v. *Field*, 7 Cush., 358, and cases there cited. Particular remedies are to be followed in the particular cases contemplated by the law created for them, but in other cases the general law furnishes the remedy. *Boynton* v. *M. M. F. Ins. Co.*, 4 Metc., 216 ; *Salem Tur. & Chel. Br. Co.* v. *Hayes*, 5 Cush., 458.

Now R. S., c. 23, § 1, requires towns, under a penalty, to keep and maintain pounds for the reception of beasts liable to be impounded; and § 5 requires towns "annually to choose pound keepers."

Section 4 authorizes any person injured in his land by cattle to recover his damages by distraining any beast doing it, or by an action of trespass against the owner or possessor unless such beast was lawfully on the adjoining lands, &c.

By § 11, whoever takes up as an estray, in any public way or in his inclosure or possession, any such beast, shall within ten days, if no owner calls for him, "commit him to the pound keeper of his town, who shall carefully keep him till called for by the owner, and all due charges paid . . . ; and whoever does not so commit such beast, shall lose the expense of his keeping and forfeit one per cent. on his value," &c.

But in the case at bar, there was neither pound nor pound keeper ; nor was the owner of the bull known. Even the owner himself was for several weeks "doubtful of its identity ;" and at the trial the question of ownership was involved in grave doubt. If there had been a pound or pound keeper in town, the defendant could have followed the statute mode of impounding. If the owner had been known, the defendant might have resorted to his action of trespass. But neither of these statute remedies was open to him for the sole reason that neither of the facts contemplated by the statute existed. And neither was the defendant in any wise in fault or responsible for their non-existence. He was therefore without remedy unless we hold that the common law mode of impounding survived in cases not covered by the statute. Such is substantially the decision of numerous courts in analogous cases embraced within the same subject matter, as for instance the construction given to the proviso in § 4. *Little* v. *Lathrop,* 5 Maine, 360 ; *Gooch* v. *Stevenson,* 13 Maine, 371 ; *Webber* v. *Closson,* 35 Maine, 28 ; *Thayer* v. *Arnold,* 4 Metc., 591, and cases there cited.

At common law, cattle could be impounded either in a common or a private pound, at the option of the impounder. The statutes of New Hampshire, Vermont and Massachusetts respectively require towns, under similar penalties, to erect and maintain pounds, but provide that creatures must be impounded in the public pound if there be any in the town, otherwise in the barn or inclosure of

the person taking them up. To be sure, there is no such express provision in the statute of this State, but it should practically receive the same construction. Any other construction, as is seen in the case at bar, permits such a gross absurdity as to forbid our belief that it was ever intended.

This view does not conflict with the decision of this court in this case as it was reported in 59 Maine, 453. There was no evidence in relation to the existence or non-existence of pound or pound keepers; but in the absence of any evidence, the presumption was that the town had performed its statute duty, and the decision of the court was predicated upon the presumed existence of pound and pound keeper.

If this view be correct, then the plaintiff was not aggrieved by the rulings in relation to the lien; and the result must be,

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.