## BONNER *vs.* DELOACH.

At common law, if, by the negligent keeping of the owner of hogs, they strayed upon the land of another and injured his crops, it was a trespass for which the owner was answerable in damages; and the party injured might either impound the cattle until the owner should satisfy his damages, or he might bring an action for the trespass. This right of action is not altered by the statutes of this State, except that, in counties where the stock law does not obtain, the damage, in order to give a right of action, must be done on land enclosed by a lawful fence. Where the stock law obtains, provision is made for taking up and impounding animals running at large and holding them until damages and costs of keeping and maintenance are paid, and a summary remedy is given for damages by proceeding before a justice of the peace; but this remedy is cumulative and not exclusive, and it does not prevent a resort by the plaintiff to an action to test his rights in the ordinary courts of justice.

(a) The mere averment that the plaintiff was unable to impound and hold the hogs because he could not catch them, does not necessarily authorize the inference that the stock law was of force in the county where the suit was pending.

February 1, 1887.

Damages. Cattle. Stock-Law. Fences. Actions. Before Judge WILLIS. Talbot Superior Court. March Term, 1886.

Reported in the decision.

MARTIN & WORRILL, by JOHN PEABODY, for plaintiff in error.

WILLIS & MATHEWS, by C. J. THORNTON, for defendant.

HALL, Justice.

This was an action of trespass *quare clausam fregit*, to which the defendant demurred generally. The demurrer was sustained by the court, and the plaintiff excepted. The declaration avers that the defendant's hogs, some twenty in number, were suffered to run at large, and that

they entered several times on his farm, which was enclosed by a lawful fence, and destroyed his crops, consisting of corn, potatoes, peas and sugar-cane ; the value of each of the different kinds of crops destroyed was given, and amounted to more than a hundred dollars ; that the defendant was notified of the damage his hogs were doing, and was requested to keep them up, so as to prevent their incursions upon the farm ; that he gave no heed to the notice, nor paid any attention to the request, but on the contrary, he suffered them to continue running at large, and maliciously drove them upon plaintiff's premises. Plaintiff further avers that he did not impound the hogs, because he was unable to catch them.    He laid his entire damagesat $300.

It does not appear whether the stock law was of force in the county of the parties' residence ; nor, in the view we take of this case, do we think it material whether it was or not.    The provisions of the common law (Broom's Commentaries, 781-2) regulating this matter, render the defendant answerable "for not only his own trespass, but that of his cattle also ; for if, by his negligent keeping, they stray upon the land of another (and much more if he prompts or drives them on), and they there tread down his neighbor's herbage, and spoil his corn or his trees, this is a trespass for which the owner must answer in damages ; and the law gives the party injured a double remedy in this case, by permitting him to distrain the cattle thus damage feasant . . . till the owner shall make him satisfaction, or else by leaving him to the common remedy *in foro con-tentioso* by action, wherein, if any unwarrantable act of the defendant or his beasts in coming upon the land be proved, it is an act of trespass for which the plaintiff must recover some damages ; such, however, as the jury shall think proper to assess."

No alteration is made in this law by our statute, except that, by the former, the beasts of the trespasser are not permitted to stray on the land of another, whether enclosed

or not; whereas, by the latter, in counties where the stock law does not obtain, the damage, in order to give this right of action, must be done on land enclosed by a lawful fence. Code, §1425. But where, by the stock law, land lines are declared to be lawful fences, express provision is made for taking up and impounding animals that are running at large, and holding them until all damages and costs of keeping and maintenance are paid. Code, §§1449 to 1452, inclusive. A summary remedy is given for damages by proceedings before a justice of the peace. *Ib.* §1454. But we do not think this remedy is, as contended by counsel for the defendant, exclusive, but cumulative; cases may arise to which the remedy would be considered inapplicable, as, where the damages claimed exceed one hundred dollars; for by the constitution of the State (code, §5153), the jurisdiction of justices of the peace is limited in all civil cases arising *ex contractu*, and in cases of injuries or damage to personal property, where the principal sum does not exceed one hundred dollars. It may be still more doubtful, under this constitutional provision, whether they have jurisdiction over a trespass to land, resulting in injury to growing crops, where the damage in question shall exceed that sum. We have seen that the plaintiff may elect, at common law, whether he will proceed by impounding the cattle doing damage to his land and crops and holding them for the satisfaction of his damages, or will resort to his suit and contest his rights in the matter in the ordinary courts of justice. The remedy given by the stock law is not exclusive, and the bare averment that the plaintiff was unable to impound and hold the hogs because he could not catch them, does not necessarily, in the absence of a direct averment to that effect, authorize the inference that the stock-law was of force in the county where the suit was pending. We are of opinion that this declaration sets forth a good cause of action, and consequently that there was error in sustaining a general demurrer to and in dismissing the suit.

Judgment reversed.