(April 12, 1922.)

JOHN A. KELLY, Appellant, v. L. F. EASTON, HORTENSE A. FORD, E. D. FORD and THE RANCH COMPANY, a Corporation, Respondents.

[207 Pac. 129.]

LANDLORD AND TENANT — TRESPASS OF STOCK — DISTRESS DAMAGE FEASANT—COMMON-LAW RULE—DAMAGES—EXPENSES OF KEEPING STOCK DISTRAINED.

1. The right of distress *damage feasant* existed under the common law and under the provisions of C. S., sec. 9460, is applicable to this state in so far as it is not repugnant to or inconsistent with our constitution and laws.

2. Where a landlord interrupts the enjoyment by the tenant of the leased premises by permitting his cattle to enter and destroy the tenant's crop, he is liable for all the damages occasioned by such trespass, for which the tenant may distrain the cattle *damage feasant* or resort to an action at law.

3. A person finding the animals of another trespassing on his grounds *damage feasant* may, by the rules of the common law, distrain them until satisfaction for the damage done shall be made by the owner of the animals.

4. The only damages which the impounder of animals *damage feasant* is entitled to recover in an action for trespass against their owner are such as were occasioned by the particular trespass which they were committing when they were taken to be impounded.

5. The distrainer of beasts *damage feasant* was not entitled under the common law to compensation for expenses incurred in connection with their keeping, and such distrained beasts were not subject to sale by the distrainer in order that the proceeds might be applied in satisfaction of the damages sustained or expenses incident to the care and keeping of the beasts while distrained.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action for trespass to real property. Judgment for plaintiff for damages, but denying him a lien upon animals distrained *damage feasant* or compensation for their care and keeping while distrained. *Affirmed.*

Lot L. Feltham, for Appellant.

Under the facts the appellant was entitled to a common-law lien upon the livestock distrained for the amount of his damages and the care and keeping of such livestock while in his possession, and for the costs of this action. (2 Cyc. 392, 398, 399, and notes; *Novak v. Shoup,* 209 Ill. App. 27; *Vanderford v. Wagner,* 24 N. M. 467, 174 Pac. 426.)

"The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state." (C. S., sec. 9460.)

"Where there is no obligation to maintain a division fence, the owner of the beasts must take care that they do not trespass on the land of adjoining proprietor." (2 Waterman on Trespass, sec. 874, 877; *Harris v. Gray* (Okl.), 165 Pac. 1148.)

"A person finding the animals of another trespassing on his ground *damage feasant* may, by the rules of the common law, distrain them until satisfaction for the damage done shall be made by the owner of the animals." (3 Corpus Juris, p. 135, sec. 407, and cases cited; 1 R. C. L. 1140, sec. 81, and cases cited; 2 Cyc. 400.)

The right to impound animals taken *damage feasant* is merely cumulative of the common-law remedy of distress, and the injured person may elect between the remedies. (3 Corpus Juris, 139, sec. 417, and cases cited; 15 Cyc. 253.)

Harris, Stinson & Harris, for Respondents.

The owner of unfenced or uninclosed land cannot maintain an action for damages against the owner of stock because they happen to feed or graze upon his land. (*Strong v. Brown,* 26 Ida. 1, Ann. Cas. 1916E, 482, 140 Pac. 773, 52 L. R. A., N. S., 140.)

Where a common field is established by agreement or common consent, there is no liability if the stock of one range on the land of another in such field. (3 C. J. 130, sec. 400.)

Where the rule of common law requiring the owner of cattle to confine them on his own land does not prevail, one of adjoining owners is not liable to the other for trespass of his cattle on account of not having a division fence. (*Pace v. Potter,* 85 Tex. 473, 22 S. W. 300; note, 22 L. R. A. 55.)

The remedy by distress was cumulative and satisfaction obtained in this mode was a bar to an action for damages. (*Rockwell v. Nearing,* 35 N. Y. 302; 3 Bl. Com. 6.)

BUDGE, J.—This action was brought by appellant for trespass to real property.

From the record it appears that appellant leased from the Ranch Company, in 1916, eighty acres of land, which was a portion of a tract owned by the company. The entire tract was inclosed with a legal fence, but there was no division fence between the premises leased to appellant and the balance of the tract. Appellant continued in the occupancy of the leased premises until the fall of 1919, holding over under his lease. About September 25, 1919, respondents Hortense A. Ford and E. D. Ford, over appellant's protest, turned into the inclosed tract ten horses and eleven head of cattle owned by them and the Ranch Company, subject to a mort-

gage held by respondent Easton. Respondents permitted this livestock to range over and upon the leased premises, grazing upon, destroying and trampling down grain growing thereon, until seized and impounded by appellant on November 2, 1919, and held by him for 103 days thereafter.

Appellant prayed for judgment against respondents in the sum of $600, together with costs and the expense of care and keeping of the livestock while impounded by him, that the stock be sold at public sale and the proceeds contributed towards the payment of the judgment and costs, accrued and accruing, and for a deficiency judgment. The cause was tried to the court and a jury. The jury found for appellant in the sum of $370 for his damages, and allowed him 20 cents per day per head for the care and feeding of the stock while in his possession. The court rendered judgment for $370 in favor of appellant, but refused to allow him any lien upon the stock or any compensation for the care and keeping thereof while in his custody.

This appeal is from that portion of the judgment refusing to allow appellant any lien upon or compensation for the care and keeping of the stock while impounded. In his assignments of error, appellant attacks the action of the court in denying him a lien upon the distrained stock for his damages, in denying him a lien for the expense of care and keeping said stock, and in refusing to give him judgment for any sum for the care and keeping of the stock while distrained.

The right of distress *damage feasant* existed under the common law, and is applicable to this state in so far as it is not repugnant to or inconsistent with our constitution and laws. C. S., sec. 9460, provides that: "The common law of England so far as it is not repugnant to or inconsistent with the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of action in all courts of this state."

As was held in *Rust v. Low,* 6 Mass. 90, at 97: "Every person, then, may distrain cattle doing damage on his close, or maintain trespass against the owner of the cattle, unless

the owner can protect himself by the provisions of the statute, or by a written agreement, to which the parties to the suit are parties or privies, or by prescription.''

The common-law rule that every man must confine his own cattle to his own land does not obtain in this state (*Johnson v. Oregon Short Line Ry. Co.*, 7 Ida. 355, 63 Pac. 112, 53 L. R. A. 744), and in *Strong v. Brown*, 26 Ida. 1, Ann. Cas. 1916E, 482, 140 Pac. 773, 52 L. R. A., N. S., 140, it is held that under our statute (C. S., c. 82), if a land owner fails to fence out cattle lawfully at large, he may not recover for loss caused by such livestock straying upon his uninclosed land. The statute would seem, however, to have reference to land owners as between themselves and the public, and is not applicable to the relation existing between a landlord and tenant, in the absence of a specific agreement to the contrary.

The correct rule in this regard was, we think, announced in *Henly v. Neal*, 21 Tenn. (2 Humph.) 551, that: ''When one man rents to another a given portion of a field in one inclosure, . . . . he is prohibited from doing anything, or so using the remainder of the field, as to defeat the very object for which the tenant had rented the land, and, if he put his stock into the inclosure so as to cause injury to the tenant, he is liable to the latter for the damages.''

If the landlord interrupt the enjoyment of the leased premises, by permitting his cattle to enter and destroy the tenant's crop, he should be liable for all damages occasioned by such trespass, for which the tenant may distrain the cattle *damage feasant* or resort to an action at law.

The questions then arise as to what constitutes distress *damage feasant*, whether the distrainer has or is entitled to an enforceable lien upon the distrained beasts for the damage caused by the trespass and for the expense of their care and keeping, if he is entitled to recover for such expense.

A person finding the animals of another trespassing on his grounds *damage feasant* may, by the rules of the common law, distrain them until satisfaction for the damage done shall be made by the owner of the animals. (2 Am. & Eng.

Ency. of Law, 2d ed., p. 358; 1 Cooley on Torts, 3d ed., 77; 3 C. J., Animals, sec. 407, p. 135.) As was said in *Bonner v. DeLoach*, 78 Ga. 50, 2 S. E. 546: "The provisions of the common law (Broom's Commentaries, 781, 782) regulating this matter, render the defendant answerable 'for not only his own trespass, but that of his cattle also; and if, by his negligent keeping, they stray upon the land of another (and much more if he prompts or drives them on), and they there tread down his neighbor's herbage, and spoil his corn or his trees, this is a trespass for which the owner must answer in damages; and the law gives the party injured a double remedy in this case, by permitting him to distrain the cattle thus *damage feasant* . . . . till the owner shall make him satisfaction, or else by leaving him to the common remedy *in foro contentioso* by action, wherein, if any un-warrantable acts of the defendant or his beasts in coming upon the land be proved, it is an act of trespass for which the plaintiff must recover some damages; such, however, as the jury shall think proper to assess.' "

See, also, 3 Blackstone Com. 208, 211; 2 Jones' Blackstone, sec. 277, p. 1784; 2 Cooley's Blackstone, 4th ed., 1009; *San Francisco & W. Ry. Co. v. Geiger*, 21 Fla. 669, at 681, 58 Am. Rep. 697.

The common law permitted a land owner to be his own avenger, or to minister redress to himself by distraining another's cattle *damage feasant*. (3 Blackstone Com. 7; *Mosher v. Jewett*, 63 Me. 84, 88; *Cook v. Gregg*, 46 N. Y. 439.) By the common law, one citizen may distrain the cattle of another, *damage feasant* on the soil of the former. (*Jarman v. Patterson*, 23 Ky. (7 T. B. Mon.) 644, at 647.) This right existed at common law and was not introduced by statute (*Hamlin v. Mack*, 33 Mich. 102, at 105), but the matter is now regulated by statutory enactments in the several states, providing for the seizure and impounding of cattle taken *damage feasant*, and for their sale. (Note, 8 Am. St. 271.)

In *Hamlin v. Mack, supra*, it is said: " . . . . the plaintiff personally took the beast when trespassing on his land,

and confined it in his barn there. Before this act the beast in contemplation of law was in the owner's possession, but the seizure of it *damage feasant,* and immediate confinement of it by the plaintiff in his barn there, took it out of the owner's possession and into the plaintiff's custody, and this was enough to constitute a distress *damage feasant.* (3 B. C. 6; Broom & Had. Com., B. 2, p. 74)."

In *Dickson v. Parker,* 3 How. (Miss.) 219, 34 Am. Dec. 78, the court said: " . . . . where cattle are found upon land doing an injury, the owner . . . . is allowed to seize and detain them as a pledge or security for the payment of the damages he has sustained."

Cattle *damage feasant* were impounded at common law on the premises of the distrainer. (*Green v. Duckett,* 11 Q. B. Div. 275, at 278.) Subsequently by statute the distrainer was required to have the damages appraised, and to put the distrained beasts in the nearest pound, where, after notice and failure on the part of the owner to redeem, they might be sold. (2 Jones' Blackstone, sec. 14. p. 1503; *Rockwell v. Nearing,* 35 N. Y. 302, at 308, 309.)

At common law the distrainer of animals *damage feasant* had only a lien thereon for the damages sustained and could not sell them to reimburse himself for any injuries occasioned by them or expenses incurred in connection with their keeping. (1 R. C. L., Animals, sec. 83, p. 1142.) No authority to sell existed at common law. (*Caldwell v. Eaton,* 5 Mass. 399; *Acme Harvesting Machine Co. v. Hinkley,* 23 S. D. 509, 21 Ann. Cas. 743, 122 N. W. 482.) The common-law remedy of distress was considered only in the light of a pledge. (*Davis v. Arledge,* 3 Hill (S. C.), 172, 30 Am. Dec. 361.)

In 3 Blackstone Com. 10–14, 2 Cooley's Blackstone, 4th ed., 862–865, 2 Jones' Blackstone, secs. 14, 19, 20 and 21, pp. 1503–1507, it is said:

" . . . . the law of distresses is greatly altered within a few years last past. Formerly, they were looked upon in no other light than as a mere pledge or security, for payment of rent or other duties, or satisfaction for damage

done. And so the law still continues with regard to distresses of beasts taken *damage feasant*, . . . . "

"When impounded, the goods were formerly, as was before observed, only in the nature of a pledge or security to compel the performance of satisfaction; and upon this account it hath been held, that the distrainer is not at liberty to work or use a distrained beast. And thus the law still continues with regard to beasts taken *damage feasant*, . . . . which must remain impounded, till the owner makes satisfaction; or contests the right of distraining, by replevying the chattels.

"To replevy (*replegiare,* that is to take back the pledge), is, when a person distrained upon applies to the sheriff or his officers, and has the distress returned into his own possession; upon giving good security to try the right of taking it in a suit at law, and, if that be determined against him, to return the cattle or goods once more into the hands of the distrainor.

"This kind of distress, though it puts the owner to inconvenience, and is therefore a punishment to *him,* yet, if he continues obstinate and will make no satisfaction or payment, it is no remedy at all to the distrainor. . . . . "

The common law, as we understand it, gave the distrainer of animals *damage feasant* no right of confiscation, but authorized him only to impound and hold them until compensated for the damage sustained. (Note, 90 Am. St. 212, 213.) The detention of the cattle is only for the purpose of indemnity, and they must be surrendered when satisfaction is made. In the meantime the distrainer must feed and care for them properly (Cooley on Torts, *supra*), and the only damages which the impounder of animals *damage feasant* is entitled to recover in an action of replevin against him for the animals by their owner are such as were occasioned by the particular trespass which they were committing when they were taken to be impounded. (*Holden v. Torrey,* 31 Vt. 690.)

From a consideration of the authorities it would appear that the distrainer of beasts *damage feasant* was not entitled

under the common law to compensation for expenses incurred in connection with their keeping, and that the lien which he acquires by the distraint, if it be a lien, is purely passive and not an enforceable lien as that term is generally understood. At common law distrained beasts were not subject to sale by the distrainer in order that the proceeds thereof might be applied in satisfaction of the damages sustained or expenses incident to the care and keeping of the beasts while distrained.

Moreover, the law does not seem to contemplate that a person may continue to hold cattle distrained *damage feasant* after the recovery of a judgment for the trespass in an action at law. As is said in *Colden v. Eldred*, 15 Johns. (N. Y.) 220: "Where beasts *damage feasant* have been distrained, or even impounded, the distrainor may relinquish the proceedings by distress, before satisfaction for the damage which has been sustained, and bring the action of trespass."

And in *Rockwell v. Nearing, supra,* it was observed that: "The remedy by distress was cumulative and satisfaction obtained in this mode was a bar to an action for damages."

Distress *damage feasant* is no remedy at all to the distrainer if the owner continues obstinate and will make no satisfaction for the trespass. (3 Blackstone Com. 13; 2 Cooley's Blackstone, 865; 2 Jones' Blackstone, sec. 21, p. 1507.) Upon recovery of the judgment against respondents, it was incumbent upon appellant to relinquish the distress, and it could not ripen into a lien subject to the judgment.

From what has been said it follows that the judgment of the trial court should be affirmed, and it is so ordered. Costs are awarded to respondents.

McCarthy and Dunn, JJ., concur.